Judge Brooke,
delivered the opinion of the court.*
The court is of opinion, that on a sound construction of the act entitled “ an act regulating conveyances,” and upon the facts in the record in relation to the deed in question, the appellees had that constructive notice of the pri- or right of the appellant to the land sold under the deed of trust, which that act affords to subsequent purchasers, when its provisions are complied with. The certificate of the clerk that the deed was acknowledged and ordered to be recorded, and the fact proved by his deposition, that it was lodged with the clerk to be recorded, which is also to be inferred from the entry on the record, was, on the part of the appellant a full compliance with the first section of that act; and the court can perceive nothing in the fourth section, that requires him to do more. The words in that section, “ and recorded according to the directions of this act,” in the opinion of the court, imposes no farther duty on the vendee in order to perfect and secure his title. Nor would that construction be tolerated, which would make it depend on the acts or omissions of the clerk over whom he has no control, and with whom the law compels him to deposit his deed. A different construction would be attended with great mischief. The act having prescribed no time to the clerk to record a deed by spreading it on the record, its validity would be fluctuating and uncertain, and the object of the act defeated. If there is any defect in the notice when searched for, the subsequent purchaser, perhaps, has his remedy against the clerk, if it *107 was his duty to make it perfect. If the deed, in this case, would have given more perfect notice by the inspection of it, the appellant being compelled by the act to lodge it with the clerk, his loss of it would more properly subject him to the action of the subsequent purchaser, in the event that he sustained damage. In the case of Douglass vs. Yallop, 2nd Burrow, lord Mansfield intimates the rule to be, that if a judgment is not actually entered on the roll in due time, a purchaser who should become liable to it, would have an action against the clerk. On these grounds the court is of opinion, that the said decree is erroneous : therefore it is decreed and ordered, that the same be reversed and annulled. The court is further of opinion,* that as the main question in this case was res integra, it would be hard on the appellees having a decree in their favor, to deprive them of their other defence, relied on in their petition to open the decree, and that the refusal of the chancellor to open the said decree is also erroneous. And it is ordered, that the cause be remanded to the said superior court of chancery to be further proceeded in, according to the principles of this decree.

Judge Roane absent from indisposition.

 This part of the decree relates to a petition by the appellees for another hearing of the cause, alledging that they can produce evidence that the contract between Garter Beverley and the appellant was rescinded by mutual consent, if further time should be allowed them for that purpose ; and offering an excuse for not having procured that evidence sooner.