This is the sequel of the case between the same parties, which was before this court in March 1822; reported 1 Rand. 102.
The controversy arose upon a bill filed in the late superior court of chancery for the Richmond district, by Peter R. Beverley against Ellis & Allan, Charles Copland, *and Carter Beverley ; setting forth, that in January 1808, Carter Beverley bargained and sold to the complainant a tract of land in Culpeper county, containing about 500 acres, and, on the 18th day of that month, acknowledged a deed of conveyance thereof to the said complainant, in the county court of Culpeper; whereupon the deed was ordered by the court to be recorded, and was left with the clerk for that purpose ; but, before it had been actually spread upon the record, it was lost or destroyed by the negligence of the clerk : that Carter Beverley afterwards conveyed the same land to a certain William C. Williams and the said Charles Copland, upon trust, for the purpose of securing to Ellis & Allan the payment of certain debts due to them ; under which deed the land was sold by the trustee Copland, and Ellis & Allan had become the purchasers thereof. The bill prayed that Ellis & Allan (who, it appeared, had received a conveyance from the trustee) might be decreed to convey the land to the complainant; and general relief.
The allegations of the bill being fully sustained by the evidence, the question before the court of chancery was, whether, as against Ellis & Allan, who had no actual notice of the complainant’s title at the time they took their deed of trust, the deed from Carter Beverley to the complainant was to be considered as duly recorded within the meaning of the statute regulating conveyances ? The chancellor, holding that it was not, dismissed the complainant’s bill; and from that decree the first appeal was taken. This court reversed the decree of the court of chancery, being of opinion that, upon the circumstances of the case, the complainant must be regarded as having fully complied with the requirements of the act ; but it remanded the cause, in order that Ellis & Allan, the ap-pellees, might have an opportunity to establish, if they could, another ground of defence alleged by them in the court below ; namely, *that the contract between the complainant and Carter Beverley, for the purchase and sale of the land in controversy, had been rescinded by mutual agreement of those parties, before the execution of the deed of trust conveying the land for the benefit of Ellis & Allan.
After the cause got back to the court of chancery, several depositions were taken and other evidence adduced by the parties, in reference to this new branch of the controversy. The evidence established, clearly enough, that in February 1810, prior to the execution of the deed of trust by Carter Beverley, it was agreed between him and Peter R. Beverley, that Carter should take back the land he had sold to Peter, at the price which Peter had paid him for it; and in a general account settled between them on the 8th day of February 1810, and signed and sealed by them both, the first item of debit against Carter was the amount of the purchase money of this land. Upon the result of that settlement, Carter appeared to be very largely indebted to Peter ; and he thereupon executed his two individual bonds for the amount of the balance due, payable twelve months after date. The land was never reconveyed by Peter R. Beverley to Carter ; nor did it appear that any written memorandum of the resale was ever made, other than the above mentioned item in the account settled on the 8th of February 1810. Subsequent to that date, there were numerous and extensive transactions between the twoBev-erleys, embracing other large sales and purchases of property, by each to and from the other ; and in the course of these dealings, the purchase money due from Carter to Peter for the land in controversy might have been liquidated and satisfied ; still, the evidence left it doubtful how that matter really was. The chancellor, however, being of opinion, upon the whole evidence in the case, that the purchase money in question must have been accounted for by Carter Beverley to Peter, after the settlement on the 8th of February 1810, — *again dismissed the complainant’s bill; and from that decree *274 of dismission, the cpmplainant Peter R. Beverley again appealed to this court.
Stanard for the appellant, and Johnson for the appellees, argued the cause upon the following points made by the former:
1st. That there is no evidence of a binding contract for the resale of the land, which Carter Beverley, or his alienees, can insist on, to take from the plaintiff the title vested in him by the lost or purloined deed.
2dly. That even if there were such a contract, it has not been performed by Carter Beverley, so as to entitle him, or his alien-ees, to a conveyance; that the purchase money has not been paid, and Peter Beverley, having the legal title, ought not to be deprived of that title until the purchase money shall have been fully paid.
The decree entered in the court of appeals, was in the following terms :
“ The court is of opinion, that, admitting the resale of the land in controversy by Peter R. Beverley to Carter Beverley in February 1810, anterior to the date of the deed of trust to the appellees, it remained in the hands of the said Carter subject to the lien of the said Peter for the purchase money, and so passed to the appellees. That the rights of the parties thus depend upon the question whethey the purchase money ever has been paid and satisfied to the said Peter; a fact which ought to have been ascertained, either by an account or otherwise, before definitively pronouncing upon those rights. That the dismissal of the bill was therefore premature and erroneous, the evidence in the cause leaving it very doubtful, at least, whether the purchase money has been in any way paid or satisfied. That the cause should therefore be sent back for further proceedings and enquiry ; and if it should appear that by any arrangements *subsequent to the 8th of February 1810, the purchase money was paid and satisfied, or liquidated in any manner, the bill of the appellant should be dismissed, even though at any after time the balance should again have shifted in his favour. But if it should appear that the purchase money, or any part of it, yet remains due and unpaid, then a decree should be rendered subjecting the premises in the hands of the appellees to the payment thereof, that being' the true relief to which, upon the whole case, the appellant would appear to be entitled. Therefore,”
Decree reversed with costs, and cause remanded, to be finally proceeded in pursuant to the foregoing opinion and decree.