JOYNJEOS, J.
E)ach of these cases is a motion by the Commonwealth against- the plaintiffs in error as sureties of Dennis Fielder, as sheriff of the county of Grayson, and each presents the same question. That question relates to the validity of the bond on which the motion was founded *and arises on the following state of facts. At July term 1857, of the County court of Grayson, an order was made on motion of a security of Dennis Fielder, as sheriff of Grayson county, requiring him to give a new bond at the-ensuing August term. At the August term the following entry was made upon the minutes of the court: ‘ ‘Pursuant to an order made at the July term of the Grayson County court, requiring Dennis Fielder to execute a new bond with good and sufficient security, as high sheriff of Grayson county, the said Dennis Fielder this day appeared in court and executed and acknowledged such new bond, and the security thereto being considered sufficient by the court, the same is ordered to be certified as the law directs. ’
On the hearing of the motion the original bond on file in the clerk’s office was produced by the clerk, signed by said Fielder and by the plaintiffs in error and others as his sureties, dated 24th August, 1857, at the foot of which are these words, “signed, sealed and acknowledged in presence of the court. Teste, William R. Dickey, C. C. ”
After the case of the Commonwealth had been closed the defendants offered in evidence the deposition of Wm. R. Dickey, which it was agreed might be offered with the same effect as if there had been an issue *388 on a plea of non est factum. The evidence was objected to as inadmissible, but the court allowed it to be read, and, upon the whole case gave judgment for the commonwealth. The defendant excepted, and in the bill of exceptions set out the order of the court and’-thé'bond as above referred to, and the deposition of Dickey and the Commonwealth in the same bill, reserved the question as to the admissibility of that deposition.
The substance of Dickey’s testimony was, that the bond, was signed in blank, containing, when accepted by the court as a sheriff’s bond, nothing but the signatures and seals of the obligees, and that the witness, who was *the clerk of the court, wrote the bond out after the adjournment of the court; and that neither of the obligors was present when he did so, or gave him authority to do so, or subsequently acknowledged the bond.
It does not distinctly appear whether the Circuit court regarded this evidence as admissible. It may have thought it best to receive it, upon the ground that as the whole case, both as to law and fact, was before the court for decision, the reception of the evidence, even if inadmissible, could do no harm. But upon the supposition that the evidence was. considered to be admissible, the effect,of.the .judgment of the court upon the whole case was, that while admissible it was not sufficient to sustain the de-fence. And this may have been held on the ground that the minutes of the County court, and the official certificates attached to the bond by Dickey as clerk, were entitled to greater credit upon the question of fact, than the testimony of Dickey as a witness. And upon this view perhaps we might affirm the judgment without inquiring into the admissibility of Dickey’s testimony. But the case ought not to be put upon this ground, because it does not properly involve any such comparison of evidence upon the question of fact, in reference to the execution of the bond.
The law under which this bond was taken, authorized and required the County court to take the bond of the sheriff, to fix its penalty, and to judge of the sufficiency of the security. The-bond might, by the terms of the law, either be acknowledged or proved before the court. Code of 1849, ch. 49, § S; Id. ch. 13, i 8; Acts, 1852, p. 12. The law made it the duty of the clerk of the court to record the bond, and to transmit a copy of it to the auditor. Code of 1849, ch. 13, \ 8; Id. ch. 49, \ 9. •
The entry made upon the minutes of the court at * August term 1857, declares what the court did, in the exercise of these functions in the present instance. It distinctly imports that the bond was duly executed by Fielder and by his securities. As to Fielder, it declares, in so many words, that he “executed and acknowledged” the bond in presence of the court. It declares that “the security thereto” was deemed sufficient, which evidently implies that the bond had been executed by the securities. And the court, moreover, in effect declared the bond to be complete and perfect by directing it to be certified as the law directs.
It is clear that the evidence of Dickey did not show, or have a tendency to show, that a fraud had been committed upon the plaintiffs in error, for it was undoubtedly their intention to become bound as the securities of Fielder. And the real question in the cause is, whether the record of the County court in reference to the execution of the bond is not conclusive, and the evidence offered to contradict or impeach it inadmissible. I think the record conclusive and the evidence inadmissible. The law confides to the County court the duty of taking such bonds and certifying their due execution, and it would be inconsistent with its intention and policy, and productive of great mischief, if the official record of the court as to what it has done in the discharge of this duty, should, in the absence of fraud, be liable to be assailed by parol evidence. Instead of the certainty which the law intends to secure by entrusting to the court the duty of taking such bonds, the question of their due execution would be left to depend, at any distance of time afterwards, upon the “uncertainty and frailty of parol evidence with all the mistakes, prejudices, imperfections and hazards that attend it.” Upon this subject, however, I think it sufficient to refer without comment to the cases of Harkins v. Forsyth, 11 Leigh 294; Carper v. McDowell, 5 Gratt. 212; *Taliaferro v. Pryor, 12 Ib. 277; Grove v. Zumbro, 14 Ib. 501. I think, therefore, that the Circuit court did right in giving judgment for the Commonwealth. If it is to be considered as holding that the evidence of Dickey was admissible, the error was in favor of the plaintiffs in error, and cannot be complained of by them.
The judgment in - both cases should be affirmed.
Judgment affirmed.