Staples, J.
The petitioners were convicted of grand larceny at the February term, 1870, of the Hustings court of the city of Richmond, and sentenced to three yeai’s confinement in the penitentiary. They applied to the judge of the Circuit court of said city, for a writ of habeas corpus, which was awarded; and upon a final hearing the petitioners were remanded to the custody of the proper officer.
The case is before this court upon a writ of error to the order of the Circuit judge. The petitioners base their application for a discharge, upon two grounds: First, that the Hon. Charles H. Bramhall, who presided at said term, being a military appointee of the Federal government, was not authorized to exercise the functions of a judge after the restoration of civil government in Virginia.
In State v. Bloom, 17 Wisc. R. 521, it was held that where a party was indicted, convicted and sentenced, at a term of a Circuit court held by a person who exercised the office of judge of said court, under an appointment by the governor without authority of law, there being another person entitled to said office, the sentence was, nevertheless, valid and binding. It was so decided upon an application for a writ of habeas corpus after a judgment of ouster had been pronounced against the judge, upon the ground he had been so illegally appointed.
In the People v. White, 24 Wend. R. 520, it was said that where an officer, having an apparent authority to do the act, had rendered judgment between the people and the prisoner, neither party can, in a collateral way, call in question the title pf the judge. The government may try the title by quo warranto; but until that *142 is done his acts are valid and effectual, so far as the public and third persons are concerned. And at the ■ present term a majority of this court have decided that the military appointees of the Federal government, exercising judicial functions in this State after its admission into the Union, were de facto judges, and their acts and decisions as such must be respected and obeyed as fully as though they had been officers de jure. And while two of the judges held that the decisions rendered by those who were exercising the functions of judges of the Appellate court might be reviewed by this court, under the provisions of the Enabling Act, they were clearly of opinion that the effect of that act was to make valid the decision of every other court held in Virginia by military appointees after the restoration of civil authority in the State. This decision must be regarded as conclusive against the petitioners upon the question of jurisdiction.
The second ground urged for the discharge of the petitioners, is, that the record of the proceedings of the February term was not read in open court by the clerk, nor signed by the judge before the adjournment of the court; but was in fact signed by him in the clerk’s office more than ten days after the adjournment.
Petitioners offered parol testimony to establish this fact, which was objected to by the Commonwealth, but was afterwards admitted by consent, with the understanding that the objection might be renewed or insisted on at the hearing.
The provisions contained in section 5, chap. 12, Code of 1860, require that the proceedings of every court shall be entered in a book and read in open court. After being corrected, where it is necessary, the record shall be signed by the presiding judge or justice.
The statute does not, in express terms, prescribe the time when the record is to be signed. The reasonable inference to be deduced from the language is, that it is *143 to be done immediately after tbe proceedings are read and corrected, and on tbe last day of tbe term, immediately before tbe adjournment. But tbe failure of the judge to comply with the directions of tbe statute could not impair tbe rights of tbe Commonwealth, or those of a citizen, in tbe record as an instrument of evidence, or a muniment of title, or an absolute guaranty against a second prosecution and conviction for an offence already passed upon by a jury. Had tbe petitioners been acquitted, they could never have been questioned a second time for tbe same offence, although tbe judge bad failed to sign tbe recoi'd. In tbe event of such failure, or a refusal on bis part so to do, be might be compelled by mandamus to perform that duty.
However that may be, if it is essential to tbe validity of a record, it should be read by tbe clerk and signed by tbe judge before tbe adjournment, and nothing upon tbe face of tbe record indicates tbe contrary, tbe law conclusively presumes it was so read and signed; and no averment to tbe contrary will be received. Being regular upon its face, it cannot be assailed by testimony tending to show it is not what it purports to be.
Tbe effect of the evidence offered by the petitioners was to utterly invalidate the writing as a record, and to deprive it of all faith and verity as such, or it was entirely irrelevant for any purpose. Its admission would have violated a rule universally recognized by tbe courts, that a record imparts such absolute verity that no person against whom it is pronounced shall be permitted to aver anything against it. In 1st Inst. 260, Lord Coke says, tbe rolls being tbe memorials of tbe judges, impart in themselves such absolute verity as they admit of no averment to tbe contrary. And if such a record be alledged, and it be pleaded there is no such record, it shall be tried only by itself.
In Rex v. Carlile, 2 Barn. & Ad. 971, 23 Eng. C. L. R. 226, tbe defendant bad been convicted of a seditious *144 libel, and brought a writ of error in the Queen’s bench, assigning for errors in fact, that there was but one of the justices named in the command present when the-jury gave their verdict. It appeared, however, from recorc^ a sufficient number of justices were present; and the court held it. not competent to question the fact so stated.
In Carper v. McDowell, 5 Gratt. 212, 236, the clerk of the County court endorsed upon a deed that it was acknowledged before him in his office by the parties, and admitted to record, when in fact the deed was executed and acknowledged in .an attorney’s office, some distance from the clerk’s office, though in the same village. It was objected the deed was not good as a recorded deed. Judge Baldwin, delivering the opinion of the court, entered into an elaborate review of all the authorities. He said there might be some force in the objection if the defect appeared on the face of the certificate, but that the proceeding being the final act of. an exclusive jurisdiction, regular upon its face, and manifestly that record evidence which the law appointed for the very purpose, could not be impeached by extraneous testimony. numerous decisions of this court establish the same principle. Harkins v: Forsyth, 11 Leigh 294; Taliaferro v. Pryor, 12 Gratt. 277; Vaughn & als. v. The Commonwealth, 17 Gratt. 386; and other cases.
The case of Bias & als. v. Floyd Governor, 7 Leigh 640, relied on by petitioners’ counsel, asserts nothing in opposition to these views. In that case a recognizance had been taken by a justice of the peace for the appearance of the accused before the Circuit court, and was altered without the consent of the parties, in a material manner, after acknowledgment. In its original form the recognizance was utterly void, for the reason that it did not specify the offence with which the prisoner was charged. As amended, it bound the sure *145 ties for the appearance .of their principal to answer a specific charge of felony. Judge Tucker said the authorities were abundant to prove that where a record had been falsified by erasure or interlineation it might be amended and restored to its original form. The absolute verity attributed to records could not be used to give sanction to a forgery, or a fraudulent erasure of the record. It was also held in that case, that the verity of a record could not be assailed incidentally or by plea; but only by motion or rule to correct it in the court where the record is.
It is obvious there is not the slightest analogy between this case and the one under consideration. The petitioners do not pretend they were not regularly tried and convicted, or that they were prejudiced by the failure of the judge to attach his signature in the manner prescribed by the law. If such were the fact the remedy in the one case would be by writ of error, and in the other by motion or rule in the court where the record is, to make the necessary amendment. All the reasons forbidding the introduction of testimony to contradict the material averments contained in a record equally conspire to forbid its introduction, in the case under consideration, for the purposes indicated. What would the solemn adjudications of the courts avail parties if at any distance of time they are liable to be assailed by parol evidence, resting upon “ the uncertain testimony of slippery memory?” What security for the protection of property, or the punishment of crime, would the judicial tribunals afford if one of the parties to eveiy controversy might refuse obedience to the most solemn judicial sentence, or a criminal might demand his discharge from confinement, upon parol proof, that the judge who held the court had omitted the observance of some formality, or even material statutory requirement, regarded as essential to the validity of the record of his proceedings, or the jurisdic *146 tion of Ms court? In the language of judge Tucker, in Harkens v. Forsyth, “the demon of mischief could, not suggest a notion better calculated to tM’ow all things, in relation to titles, into their original chaos, than the establishment of the principle here contended for. For these reasons the second .error relied upon by petitioners is overruled, and the judgment of the Circuit court must be affirmed.
Christian, J. concurred in the opinion of Staples, J.
Moncure, P. and Anderson, J. concurred, with the explanation that Bramhall was judge only because confirmed by the act of March 5,1870, called the enabling act.
Judgment arrirmed.