Staples, J.
The appellants purchased the land in controversy from Nelson T. Pate. Before paying the purchase money they caused to be made a diligent search of the proper clerk’s office, to ascertain whether there were then any incumbrances upon the property. They did not search the judgment docket; but their counsel made a careful examination of the index to the docket, and failed to discover any trace of a judgment against Pate. Thereupon the appellants paid the purchase money and recorded their deed. It now appears that the appellees had recovered judgments *620 a£ainst B. B. Bridgford and 1ST. Tinsley Pate, partners trading under the firm and style of Bridgford & Co., and in this form the judgments were docketed. The clerk, however, did not index the judgments in in<Bvidual name of Pate, as required by the statute, but only in the partnership name of Bridgford & Co.; and thus it was, the appellants, in making their search, ^a^e^ to discover the judgments against Pate,
The question arising here is, whether the appellants are entitled to hold the land discharged of the lien of those judgments. In Beverley v. Ellis & Allen, 1 Rand. 102, this court held, that when a purchaser deposits his deed with the clerk for recordation, it is a full compliance on his part with the statute, although the deed is never recorded. A construction, said the court, could never be tolerated which would make the rights of a purchaser depend on the acts or omissions of the clerk, over whom he has no control, and with whom the law compels him to deposit his deed.
In the present case the chancellor, relying upon the principle as laid down in Beverley v. Ellis & Allen, was of opinion, that all the statute requires of the creditor to preserve his lien, is that he shall deliver to the clerk an authenticated abstract of his judgment and require him to docket-it; that every other step must he taken by the clerk, over whom the creditor has no control, and for whose failure the creditor cannot be held responsible; and if the purchaser is misled by the failure to index, be must look to the clerk.
The learned counsel for the appellant has strongly controverted- this proposition. He insists that the statute under which Beverley v. Ellis & Allen was decided, is different in its phraseology from the statute relating to the docketing of judgments; and he has cited numerous decisions in other states, to show that *621 in cases of this character it is the duty of the creditor to see that his judgment is duly and properly docketed, and every requirement of the law fully complied with; otherwise the purchaser will hold the land discharged of the lien; and the creditor must look to the clerk.
In the view we have taken of this case, it is unnecessary to decide this question. Conceding for the sake of the argument, it is the duty of the creditor to have his judgment docketed, the question still arises whether that has not been done in the cáse before us. As already stated, the abstract of the judgment was properly placed on the judgment docket, but it was not indexed in the individual name of the defendant Pate. The point presented is, whether “ indexing” is a part and necessary part of the docketing. In other words, is the docketing incomplete until the judgment is also properly indexed in the name of the defendants. This question must of course be solved by 'the provisions of our statute exclusively.
The first act passed upon this subject was in April 1848. A recurrence to that act will very materially aid us in reaching a correct conclusion. The first section provides, it shall be the duty of the clerk of the county court to keep in well bound books a judgment docket, in which shall be regularly docketed all such unsatisfied final judgments, decrees, &c., as any person interested therein shall require him to docket. In such docket there shall be plainly set down in separate columns the date of such judgment or decree, the name, description and residence of the parties, the amount of the debt, costs, &c., appealing in each case, and the amount and date of the credits, if any. We have here plainly pointed out what constitutes a docket, the manner and form in which it shall be made out,. *622 and the facts it is required to set forth for the information of parties concerned. Having thus provided for a docket, the act makes provision for an index as follows: “And, for the purpose of more convenient reference’ ^ere shall be made and preserved in the same hooks a plain and accurate index of all judgments, decrees, &c., docketed, and every judgment, &c., in the sa^ in^ex shall be set down in alphabetical order, the names of the debtors, and each of them.”
The second section provides, that “if any clerk shall fail to docket without delay, in the manner herein prescribed, any judgment, &c., which he shall be required to docket, or shall fail to make and preserve the index hereby required of him, he shall be liable to the action of the party aggrievedfor such damages as he may sustain thereby.” It will thus be seen that the docket is one thing, and the index another, and quite a different thing. Hothing can more strongly enforce this distinction than the language of the second section just quoted. The clerk is required to docket only when requested, but it is his duty to index, whether requested or not. While the statute imposes upon the creditor the duty of requiring the clerk to docket the judgment, it imposes no duty upon him with respect to the indexing. With that the creditor need not concern himself. Certainly he is not compelled to make any demand upon the clerk by the express terms of the provision. The sole object of the indexing, as disclosed in the statute, is “for the purpose of a more convenient reference, to facilitate the search, to enable parties more readily to find that which is contained in the docket.” The index is a guide to the docket; it saves labor and trouble in examining the docket, but it is not the docket itself, nor a part of it. We come then to the fourth section, which provides that “no *623 judgment or decree shall bind the land against a bona Jide purchaser for valuable consideration without notice, unless the same shall be docketed in the manner prescribed in the first section.”
How if this section had provided that the judgment shall not constitute a lien unless docketed and indexed according to the first section, the question would be free from difficulty. But it does not say so. The forfeiture results only from a failure to docket; and as we have seen, the docketing is complete without the indexing. If the clerk fails to make the index as prescribed by the statute and the purchaser is misled, the latter doubtless may have his action for damages. But this is no concern of the creditor. Having docketed his judgment, he may safely leave the rest to the clerk, whose duty as to the index does not depend upon any act or request of the creditor. The provisions found in the revisal of 1849 are substantially the same as the act of 1848. The only difference is, that in the former the revisors omitted the phrase “ for the purpose of a more convenient reference.” It is certain that no material change was thereby intended. It was probably thought those words were unnecessary, and consequently they were left out in conformity with the plan of condensing all the statutes.
In the decision of questions of this character little aid is to be derived from the decisions of other states, unless their laws substantially correspond with ours. The statutes of the state of New York are perhaps more nearly like those of Virginia in this particular than those of any other state. There the law requires ■a record book of all deeds and mortgages; and it further declares that the clerk shall provide books for making general indices, and shall form indices therein in such manner as to afford convenient and easy refer *624 ence to the several books of record in their offices respectively. This act was passed about the same time as ours, in the year 1843. In a very recent case— Mutual Life Ins. Company v. Dake, reported in the Central Law Journal, 340, of April 13th, 1877—the question arose as to the rights of a bona fide purchaser as against the lien of a mortgage. There also the purchaser had examined the index, but found no reference to a mortgage, although in fact it was-duly recorded. ’ The court of appeals held that the provision in respect to indexing instruments did not. show any ground for claiming that the index should constitute notice. The index was simply required to be attached to each book; and all this was for the convenience of those searching the records, but was not considered part of the records. Judge Smithy who spoke for all the judges, in closing his opinion, uses the following language: “ On the whole, I am of opinion that under our statute the index is not an essential part of the record for the purpose of notice; that in this case the plaintiff’s mortgage was duly recorded so as to be regarded as giving notice to after-purchasers, and that the lien of the plaintiff’s mortgage is superior to that of the Baity mortgage held by the defendant Dake. In reaching this conclusion, I; have not overlooked the practical inconveniences that may result from it in searching records. But the duty of the court is only to declare the law as the legislature has laid it down. Arguments ab ineonvenienti may sometimes throw light upon the construction of ambiguous or doubtful words; but where, as here, the language of the law makes it plain they are out of place. Inconveniences in practice will result, whichever way the question shall be decided. The power to remedy them is in the legislature, and not in the *625 -courts. Even as the law now stands, the party injured by the omission of the clerk is not without remedy, for he has his action against the clerk.”
All that is here said is equally applicable to the case before us. Indeed it would be difficult to find an authority more directly in point. Judge Smith further states, that the statutes of Yermont and Missouri are the same in many respects as those of New York, and he relies upon Curtis v. Lyman, 24 Vermont R. 338, and Bishop v. Schneider, 46 Missouri R. 472, in which •the same questions arose, and the same doctrine was •affirmed by a unanimous court. See also the recent ■case of Chatham v. Bradford, 50 Georgia R. 327, upon the construction of a statute similar in many of its provisions to the New York statute. These cases substantially assert that the index is no part of the record, but a means of easy reference to the record. If the clerk fails to make the index, he injures those who desire to make the search. The clerk’s duty is.therefore to the searcher and to the public, and not to the holder of the deed. When the latter' has' placed his deed upon the record book he has done all the law requires him to do. Any' one who will take the trouble can examine this record. The time and labor expended in making this examination is merely a question of degree. If the party pursuing the search is content with looking at the index, without an examination of the record, and he is thereby misled, his remedy is against the clerk, whose duty it is to prepare the index for the benefit of the searcher, and not of the holder of the deed. These views are not only in •conformity with the provisions of our. statute, upon a fair and reasonable interpretation, but they are intrinsically just and sensible in themselves. All that is ¡said with reference to the holder of a deed admitted to *626 recor^» but not indexed, is equally applicable to a judgment creditor, whose judgment is docketed and not. Upon the whole, we are of opinion there is n0 error in the decree of the chancery court, and the-same musi; be affirmed. Before concluding this opinion, it is proper to state that the legislature has recently amended the statute on-this subject. And it is now Provi6ed, every judgment shall so soon as it is docketed be indexed by the clerk in the name of each defendant thereon, and unless so indexed it shall not be regarded as docketed. With the wisdom or propriety of this-amendment the courts have no concern. Being prospective necessarily in its operation, it can have no application to the present case.
Monoure, P., and Christian and Bures, Js., concurred in the opinion of Staples, J.
Decree arrirmed.