# Wheeling.

## BURLEY v. WELLER et al.

Decided November 30, 1878.

1. Matters not charged in the bill or averred in the answer, and not in issue in the cause, are not proper to be considered on the hearing.

2. If a party desires relief in equity against the endorsement of a recorder or clerk on a deed on account of the same being a mistake or false and fraudulent, and desires the court to adjudicate, whether such mistake or fraud in such endorsement is sufficient to entitle him to relief in the cause, and to grant the relief, he must allege such mistake or fraud sufficiently in his bill to put the fact in issue in the cause.

Appeal from and *supersedeas* to a decree of the circuit court of Marshall county, rendered on the 8th day of August, 1877, in a cause in said court then pending, wherein James L. Burley was plaintiff, and George W. Weller and another were defendants, granted on the petition of the said Burley.

Hon. Thayer Melvin, judge of the first judicial circuit, rendered the decree appealed from.

The facts of the case sufficiently appear in the opinion of the court.

*Davenport & Dovener,* for appellant.

*J. Dallas Ewing,* for appellees, relied on the following authorities:

Story's Eq. Pl. §§473, 474; Code, ch. 130, §23; Code

ch. 74, §§5, 8, 10; 4 Rand. 212; 2 Lom. Dig. 489; 44 Cal. 335; 12 Gratt. 325; 44 Mo. 309; 11 Gratt. 321, 225.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is a bill in equity with injunction filed by the plaintiff against George W. Weller and J. Dallas Ewing. The plaintiff in his bill alleges substantially, that on the 18th day of December, 1868, he purchased from T. M. Walker and wife, by deed of that date, a tract of land situate in Marshall county in this State, containing one hundred and seventy-two acres on Fish creek and Boreman; and he states the boundaries thereof specifically, being the same land, as plaintiff alleges, conveyed to T. M. Walker by Joshua and Samuel Godard; all of which, he says, "will more fully appear by the deed from said Walker to the said plaintiff herewith filed and marked Exhibit 1, and prayed to be considered" a part of the bill.

Plaintiff further alleges, that the defendant, J. Dallas Ewing, is proceeding to sell the said property under and by virtue of some pretended deed of trust to said Ewing as trustee from one R. C. Leep to secure the defendant, George W. Weller, a certain sum of money in said pretended deed of trust mentioned, which pretended deed of trust is recorded in Deed book 17, page 511 of the records in the county clerk's office of Marshall county, an attested copy thereof is filed with the bill as an Exhibit marked No. 2, and prayed to be considered as a part of the bill."

The bill further alleges, that said Ewing has advertised said property to be sold on the 20th day of October, 1873, at 10 o'clock A. M. A copy of the advertisement of sale is filed as an Exhibit marked No. 3; that said pretended deed of trust was executed by the said Leep to the said Ewing to secure the defendant, Weller, as aforesaid, when the said R. C. Leep had no title or claim upon said property, the same property having been be-

fore that time conveyed by the said R. C. Leep to the said Walker, on the 19th day of September, 1868, and duly admitted to record in the recorder's office of Marshall county a few days after the last mentioned date; "all of which appears by reference to the original deed marked Exhibit 4, and prayed to be considered as a part of the bill."

The plaintiff therefore prays, that the said sale by the said Ewing may be perpetually enjoined, and that the said deed of trust may be declared null and void; and he prays such further relief as the court may see fit to grant.

The injunction was granted October 20, 1873; and the bill was filed on the 1st Monday in November, 1873.

The deed, Exhibit No. 1, filed with the bill, from said T. M. Walker to the plaintiff for said tract of land is dated the 18th day of December, 1868, and was acknowledged on the same day and year, and was admitted to record in the recorder's office on the 22d day of January, 1869. The deed of trust, Exhibit No. 2, filed with the bill, (being a copy of the deed of trust from said R. C. Leep to J. Dallas Ewing,) is dated the 27th day of November, 1868, and was acknowledged on the same day and year, and admitted to record in the recorder's office of Marshall county on the 11th day of December, 1868. The deed, Exhibit No. 4, filed with the bill, being the deed from said Leep to Mifflin Walker for said tract of one hundred and seventy-two acres of land is dated the 19th day of September, 1868, and was acknowledged on the 19th day of September A. D., 1868, before George O. Davenport a notary public in and for the county of Ohio, State of West Virginia, on the day and year last aforesaid. The certificate or endorsement of the recorder of the admission of the last named deed to record is as follows:

"WEST VIRGINIA, MARSHALL COUNTY, ⎱
   RECORDER'S OFFICE, January 13, 1869. ⎰

"This deed from R. C. Leep to Mifflin Walker was

this day received in my office, and being duly certified by a notary public of Ohio county, the said deed and certificates are admitted to record.

"Teste :                    THOS. FINN, *Recorder.*"

It appears, that on the 30th day of March, 1874, the defendants, Ewing and Weller, appeared in court, by their counsel, and filed their joint answer to the plaintiff's bill which is substantially as follows, to-wit : "These respondents, for answer to said bill, or to so much thereof as they deem it material for them to answer, answer and say, they admit the purchase and deed of the 18th of December, 1868, by complainant, as stated in the bill, but deny that complainant took any legal or equitable title to the lands described in said bill. Defendant also admits that the lands described in the said bill are the same lands conveyed to M. Walker by Samuel and Joshua Godard, as recited in the bill ; but defendants here charge, that the said Mifflin Walker and wife conveyed the same land claimed by complainant and described in the bill by deed in fee simple, dated on the 13th day of December in the year 1867, which deed was duly acknowledged on the same day and year, and was duly admitted to record in the recorder's office of Marshall county on the 21st day of July, 1868; all of which will more fully appear by reference to a duly certified copy of said deed taken from the records now in the office of the clerk of the county court of Marshall county, marked No. 1, herewith filed and prayed to be taken as part of this answer. The deed from Walker and wife to Leep was thus at least two years older than the one made to complainant.

The defendants admit, that J. Dallas Ewing was proceeding to sell the land under a deed of trust from R. C. Leep to J. Dallas Ewing, trustee, dated on the 27th day of November, 1868, and duly recorded in the recorder's office of Marshall county, on the 11th day of December, 1868, after having been first duly acknowledged by said Leep ; (a copy of which deed of trust is filed with com-

plainant's bill and is prayed to be taken as part hereof);
but these defendants deny, that the said trust is a pre-
tended deed of trust, and on the contrary aver and
affirm, that the said deed is, and was at the time it was
taken, a *bona fide* deed of trust, given by said Leep to
secure the defendant, Weller, a *bona fide* debt of the
amount and kind described in said deed, and that the
whole, and every part thereof, is still due and unpaid.
The defendant admits that said Ewing had advertised to
sell the said land, as trustee, on the 20th day of October,
1873, and avers that he had expended $35.00 in adver-
tising the same, when enjoined by this honorable court.

"Defendants admit, that the records now show, that
R. C. Leep had reconveyed the said land to said Walker
by deed dated the 19th day of September, 1868, but if
the said last named deed was made and acknowledged as
dated, which defendants do not know and do not either
affirm or deny, but of which they call for full proof,
yet they here aver and charge the fact to be, that said
reconveyance was not recorded in the recorder's office of
Marshall county until the 13th day of January, 1869;
and that the said last named deed was not recorded un-
til after the making and recording of the said deed of
trust to said Ewing. And they further say that neither
the said Ewing nor said Weller had any knowledge, that
said Leep had reconveyed the same to said Walker, nor
had they any notice of the same.

"Respondents aver and charge the fact to be that the
said deed from R. C. Leep to said Walker, dated on the
27th day of November, 1868, is void as to said Weller,
who was and is a creditor of said Leep, and is void as
to said Ewing, as trustee, neither of respondents having
had any notice thereof, because it was not duly admitted
to record in the county of Marshall, wherein the prop-
erty embraced therein lay, until after the conveyance
made by said Leep was made to said Ewing, as trustee,
to secure said Weller the payment of money therein men-
tioned, which was made, acknowledged and duly record-

ed in the county of Marshall wherein the land described in said deed of trust lies.

" Respondents having answered, pray, that the injunction granted in chambers on the 20th day of October, 1873, in this cause be dissolved, and that said land mentioned and described in complainant's bill be sold to pay the debt due said Weller as secured to him by said deed of trust to said Ewing, and to recover costs against complainant. And respondents further pray for such other and general relief in the premises as the nature and circumstances of their case may require, as to the court may seem fit, and that they may be hence discharged, &c., &c." The bill and answer are each verified by affidavits.

The deed, Exhibit No. 1, filed with the answer of defendants, is dated the 13th day of December, 1867, being the deed from Mifflin Walker and his wife to R. C. Leep for said one hundred and seventy-two acres of land, and was acknowledged on the day and year last aforesaid by the said Mifflin Walker, and was admitted to record in the recorder's office of said county of Marshall on the 21st day of July, 1868.

Some depositions were taken by the plaintiff, and filed in the cause ; but the defendants filed no depositions, so far as appears.

On the 8th day of August, 1877, as appears by the record, at a special term of the said circuit court a decree was made and entered in the cause by the court as follows: "This cause came on this day to be heard on the bill, exhibits, process duly executed as to defendants, answer of defendants, replication thereto and depositions of M. Walker and others, and exhibits filed with answer, and former order and decrees. After argument of counsel, it is adjudged, ordered and decreed by the court, that the trust deed from R. Clark Leep to J. D. Ewing, trustee, has priority over the deed of said Leep to said Mifflin Walker, and of the deed of said Walker to the defendant, on the ground that the deed first mentioned was first ad-

mitted to record. It is, therefore, ordered and decreed that the injunction granted in this cause at chambers, on the 20th day of October, 1873, be and the same is dissolved; and on motion and prayer of defendant Weller, it is further adjudged, ordered and decreed that unless the sum of $332.56, with interest from the 28th day of November, 1868, till paid, and the costs of this suit, be paid to defendant Weller, within thirty days from this date, J. D. Ewing, who is appointed a commissioner for the purpose, shall proceed to sell, at the front door of the court house of Marshall county, to the highest and best bidder, the land described in the deed of trust from said Leep to said Ewing, dated 27th day of November, 1868; one-third of the purchase money to be paid in cash, the residue in six and twelve months from day of sale, the purchaser to give notes and approved security for deferred payments, and title to be retained till it is all paid; but before making such sale the said commissioner shall give notice of the time, place and terms thereof, by publication in some newspaper published in Marshall county, and by posting a copy of same at the front door of the court house of this county for a like period. Out of the proceeds of sale said commissioner shall pay the costs of this suit, then pay the claim and interest due said Weller, then pay the residue, if any, to complainant. Said commissioner shall before making said sale execute a bond, with security, in the sum of $1,200.00, to be approved by the clerk of this court, conditioned that he will faithfully perform his duties as commissioner and will faithfully pay over all moneys coming into his hands as such; and he will report his proceedings hereunder to another term.

From and to the foregoing decree the plaintiff, on his petition and assignment of error therein, heretofore obtained an appeal and *supersedeas* from this Court; and it must be now determined by us, whether there is such error in said decree prejudicial to the plaintiff, as to authorize and require this Court to reverse said decree

The plaintiff in his petition has assigned the following

as errors in said decree, for which he claims it should be reversed, viz: "The court below erred—

"1. In considering the deed of trust of the 27th of November, 1868, and purporting to have been recorded on the 11th day of December, 1868; the deed from said Leep to said Walker having been acknowledged on the 19th of December, 1868, and the evidence shows that the deed was *deposited in the clerk's office for record* about that time.

"2. Leep never did own the land. The consideration of the original purchase from Walker was a fraud. He had no title to the property he was to give in exchange to Walker, or at least had so encumbered his title, that it was not available. The evidence tends to show, that Weller knew of the conveyance from Leep to Walker.

"3. There can be no doubt from the evidence, that Leep's deed to Walker, executed on the 19th day of September, 1868, was duly acknowledged before an officer and properly certified, and that the same was deposited in the office of the recorder of Marshall county long prior to the deed of trust, under which the sale is being attempted to be made. The *nonfeasance, misfeasance nor malfeasance* of a clerk in neglecting to spread the deed at large upon the record cannot be permitted to have the effect of defeating the priority of complainant's deed.

"4. It is admitted, that such was the law prior to 1849, and there can be no doubt that such was the law; but it is insisted that the words, "from the time it is duly admitted to record," incorporated into the Code, changed the law. Such does not appear to have been the intention of the revisors of the Code. (See report of revisors.)

"5. There does not appear to have been any decision in Virginia or West Virginia on the question, but it has lately been discussed in the lower courts in Virginia. (See Virginia Law Journal for March, 1877.)

"6. And for other errors apparent on the face of the record."

I will now proceed to consider these assignments of error.

*As to the first assignment of error*:   The plaintiff in his bill alleges in substance, that on he 19th day of September, 1868, R. C. Leep conveyed by by deed the said tract of land to T. M. Walker, which deed was duly admitted to record "in the recorder's office a few days after the last mentioned date; all of which will appear by reference to the original deed marked exhibit 4, and prayed to be considered as a part thereof."   The plaintiff thus makes the deed, certificate of acknowledgement and the endorsement on certificate of the recorder a part of his bill.   A "few days after the last mentioned date," is very indefinite.   The certificate or endorsement of the recorder is, that the deed was presented in his office for record on the 13th day of January, 1869, and was on that day admitted to record.   The statement in the bill, that the deed was duly admitted to record in the recorder's office in a few days after its date, cannot be construed into an allegation, that there is a mistake in the certificate or endorsement of the recorder as to the time when the said deed was presented in his office for record and admitted to record, it is, in the connection it is used, too indefinite for that purpose.   The certificate or endorsément of the recorder being in effect a part of the bill, and there being no allegation in the bill, that there was any mistake in the said certificate of the recorder as to the time of the admission of the said deed to record, it must be taken, that the bill in effect alleges, that the said deed was duly admitted to record on the said 13th day of January, 1869.

There is therefore no issue in the case as to any mistake as to time or date in the certificate of the recorder, or as to any fraud in misdating said certificate, or otherwise.   The averments in the answer as to the time, when the deed of the 19th day of September, 1868, and the said deed of trust were admitted to record, are in substance the same as the allegations of the bill in relation to the same matters, and therefore the answer and general replication thereto present no issue, as to whether there is

any mistake or fraud in the said endorsement of the clerk upon said deed of the 19th day of September, 1868, as to when the same was presented to the recorder and by him admitted to record. There being no issue presented in the cause as to when said deed was admitted to record, that question was not properly before the court below for decision; and the depositions taken by the plaintiff with the view of showing that said deed reached the recorder's office, or was received by the recorder for record, prior to the 13th day of January, 1869, are not relevant to any issue in the cause and cannot therefore be considered. Matters not charged in the bill or averred in the answer, and not in issue in the cause, are not proper to be considered on the hearing. *Hunter's ex'rs* v. *Hunter et al.*, 10 W. Va. 321.

Syllabus 1.

If the plaintiff desired relief in equity, on the ground that the endorsement of the recorder on said deed from Leep to Walker dated the 19th day of September, 1868, was a mistake in date, or false, and fraudulent in reference thereto, he should have alleged the fact or facts so as to make it an issue in the cause, in order that the court might pass judicially upon his right to equitable relief upon the grounds alleged and the evidence in support thereof. As bearing on the subject of the legal force and effect to be given to an endorsement of the recorder or clerk &c. on a deed as to its reception and admission to record. I refer to *Carper* v. *McDowell*, 5 Gratt. 212, opinion of Judge Baldwin; *Horsely et al.* v. *Garth et al.*, 2 Gratt. 471; *Harkins* v. *Forsythe*, 11 Leigh 294; *Taliaferro et al.* v. *Pryor*, 12 Gratt. 277. See also *Beverly* v. *Ellis et al.*, 1 Rand. 102; *Vaughn* v. *Commonwealth*, 17 Gratt. 386. For the foregoing reasons the plaintiff's first assignment of error is reversed.

Syllabus 2.

*As to the Plaintiff's second assignment of error*: There is no allegation in the bill, that Leep never owned the land; but the allegation is to the contrary, and it clearly appears, that Mifflin Walker did, on the 13th day of December, 1867, convey the tract of land in controversy

by deed to said Leep. There is no allegation in plaintiff's bill, that the original purchase by Leep from Walker " was a fraud," nor that he was to give Walker property in exchange for the land conveyed to him (Leep) by Walker, nor that Leep had no title to the property " he was to give in exchange to Walker," nor is there any allegation in the bill, that Leep had so incumbered his title to the property he was to give in exchange, that it was not available. In fact there is no allegation in the bill with reference to a sale or conveyance of the land from Walker to Leep. The bill is entirely silent upon this subject ; and therefore no matter of any kind is in issue in this cause with reference to the validity of the sale and conveyance from Walker to Leep.

The bill does not allege, that either the defendant, Ewing, or the defendant, Weller, the *cestui que trust*, had notice of the deed from Leep to Walker, dated the 19th day of September, 1868, at or before the execution of the deed of trust from Leep to Ewing for the benefit of Weller. But the defendants in their answer admit, that the records "now show that R. C. Leep had reconveyed the said land to said Walker by deed dated the 19th day of September, 1868; but if the last named deed was made and acknowledged as dated, which defendants do not know and do not either affirm or deny, but of which they call for full proof, but they here aver and charge the fact to be, that said reconveyance was not recorded in the recorder's office of Marshall county until the 13th day of January, 1869, and that the said last named deed was not recorded until after the making and recording of said deed of trust to said Ewing. And they further say, that neither the said Ewing nor said Weller had any knowledge, that said Leep had reconveyed the same to said Walker, nor had they any notice of the same.

"And the defendants further insist and aver in their answer, that said deed of November 27, 1868, is void as to said Weller, who was and is a creditor of said Leep,

and also as to said Ewing, the trustee, because neither of them had any notice thereof, because it was not duly admitted to record in the county of Marshall until after the conveyance from said Leep to said Ewing, as trustee, was made, acknowledged, and duly recorded in the said county of Marshall." The only evidence in the case, by which plaintiff seeks to fix notice of the deed from Leep to Walker upon Weller, is the deposition of said T. M. Walker, as to a conversation which evidently occurred before the date of said last named deed. After a close inspection of this evidence of Walker, it seems to me that this evidence as presented fails to establish such notice.

It is objected by the defendant's counsel, that Walker was incompetent to testify in the cause under the second paragraph of the 23d section of chap. 130 of the Code of this State. It is sufficient to say in reply to this that Walker is not a party to this suit, and if he was, it is competent for him to testify even in his own behalf as to a conversation which occurred between him and the defendant Weller, relevant to the case. For the foregoing reasons the plaintiff's second assignment of error is not well taken.

*As to the plaintiff's third assignment of error:* What I have said as to the first assignment of error applies to this. The plaintiff's third assignment of error is not well taken.

*As to the plaintiff's fourth assignment of error:* Whether there has been any change of the law prior to 1849 with reference to the matters attempted to be raised in this case by the first and third assignments of error does not fairly or properly arise in this case, for the reasons stated in my remarks upon the first assignment of error. It cannot be expected, that we will or should give opinions upon mere questions of law, which do not properly arise in the case before us for determination. The question attempted to be now raised before us is of grave importance; and we will endeavor to decide it, when a case arises fairly in-

volving the subject. I do not intend to be understood, as now deciding the full extent a court of equity may or ought to go, in entertaining bills for relief against the endorsements of clerks or recorders upon deeds as to their presentation for record and their admission to record. The plaintiff does not in his bill impeach said deed of trust for fraud; nor does he allege, that the debt therein mentioned is not justly due in whole or in part; and no evidence has been offered on the subject.

Upon the whole I do not see that the court below committed any error in the cause prejudicial to the plaintiff; and the defendants complain of none. The decree of the circuit court of the county of Marshall must therefore be affirmed, with costs and $30.00 damages to the appellees.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.