# CHARLESTON.

## SNODGRASS v. KNIGHT et al.

Submitted February 1, 1897—Decided April 7, 1897.

1. DEED—*Capacity of Grantor—Presumption of Law.*
   The presumption of law is that the grantor in a deed was sane and competent at the time of its execution. (p. 295.)

2. PLEADING.
   Matters not set up in the pleadings can not be considered. (p. 295.)

Appeal from Circuit Court, Marion county.

Bill by Clinton B. Snodgrass against J. V. Knight and others. From a judgment dismissing the bill, plaintiff appeals.

*Affirmed.*

J. A. HAGGERTY and W. H. MARTIN, for Appellant.

JOHN W. MASON, for appellees.

BRANNON, JUDGE:

This is a bill in chancery, brought by Snodgrass against J. V. Knight and others, to annul a deed made by Albert T. Knight, by which he conveyed all of his real and personal estate to J. V. Knight and John W. Knight, resulting in the dismissal of the bill, and this appeal, taken by Snodgrass.

There is really nothing in this case calling for an opinion, or its publication in the Reports. It depends solely upon mere matter of fact, under evidence involving no legal principles but those that are elementary law and have been repeated hundreds of times. Like many other cases that are reported, it ought not to find a place in the Reports. The assault upon the deed is based alone in the bill on the grounds of insanity of the grantor and undue influence

practiced upon him by the grantees. There is utterly no evidence to show undue influence. As to the subject of mental incompetency, a volume of evidence was taken on both sides, and upon it the court has decided upon the validity of the deed. That finding is entirely justified by the presumption that the grantor was sane and competent at the time he executed the deed until the contrary be shown, and by the fact that the evidence decidedly goes to verify that presumption. *Buckey* v. *Buckey*, 38 W. Va. 168 (18 S. E. 383). I will not repeat the evidence here.

Counsel for the appellants introduce into this case by their brief the question of the delivery of this deed, saying that it never became operative because never delivered; but there is not a scintilla in the bill raising that question. No charge against the deed for non-delivery is made. On the contrary, the bill distinctly states as a fact that this deed was a complete and perfect deed, and as such assaulted it solely on the ground of mental incompetency and undue influence. We know that the grantor sent for one man to write that deed, and, not finding him, procured another, and that it was drawn, signed, acknowledged, is on record, and in the hands of the grantees; and no evidence at all in the case raises any ground to overcome the presumption raised by these circumstances that this deed was perfected by delivery. The possession of a deed, duly executed and acknowledged with all the formalities required by law, is *prima facie* evidence of its delivery. *Ward* v. *Ward*, 43 W. Va. 1 (26 S. E. 542). I will not further discuss this matter, because the pleadings do not raise that question. Matters not in issue cannot be considered on the hearing. *Burley* v. *Weller*, 14 W. Va. 264.

Complaint is made that the court did not settle the administration accounts. That was not pertinent to this suit, which was solely to cancel that deed. It being held valid, all the personalty passed under it to the grantees therein. It does not appear that there was any personal estate anywhere acquired after that deed to go into the hands of an administrator. It was only a few days from its execution until his death. And if he had any other personal property, what would it have to do with this case? Decree affirmed.

*Affirmed.*