## DAVIS & AL.

### v.

## SIMS & ALS.

(*Supreme Court of Appeals of Virginia, May, 1881.*)

[Virginia Law Journal, 1881, p. 318.]

(Absent, MONCURE, P., sick.)

### Admitting Deed to Record—What It Consists in—Effect.

The certificate of the clerk of the registry court written on a deed that it has been admitted to record is evidence and notice of the fact, though the clerical act of spreading the instrument *in extenso* on the deed book be never performed.

### Same—Clerk Acts Judicially—Private Interest of in Conflict with Public.

The clerk acts to a certain extent judicially in taking and certifying acknowledgments of deeds and other writings in his office and admitting them to record, and therefore in accordance with the maxim that no man can be a judge in his own cause, the clerk is not allowed to perform any of those acts where his private interest might conflict with his duty to third parties and the public.

### Same—Same—Same.

A deed signed by a grantor who is at the time clerk of the registry court and by him acknowledged, certified and admitted to record, is not properly acknowledged, certified or recorded, and such recordation is ineffectual as notice under the registry law.

### Deeds of Trust—Trustee—Purchasers for Value—Case at Bar.*

The trustee and secured creditor in a deed of trust are purchasers

---

*See foot-note to Bowers *v.* Bowers, 29 Gratt. 697 (Va. Rep. Anno.); foot-note to Wickham *v.* Martin, 13 Gratt. 527 (Va. Rep. Anno.).

for valuable consideration within the meaning of the statute (Code of 1873, ch. 114, § 5), and their title is not affected by a prior deed, unless they had actual or constructive notice, nor consequently by the recordation of a deed improperly recorded.   Such a trust deed is good between the parties, and if not itself duly admitted to record, is void only as to creditors and subsequent purchasers. .

By an instrument dated Sept. 13, 1855, purporting to be a deed from Robert Pritchett and wife, and found among his papers after his death, all the right, title and interest of the grantors in certain hotel property at Stanardsville, in Greene county, was conveyed to Robert L. Pritchett in consideration of $600.

The deed was signed by Robert Pritchett, but the only evidence of its acknowledgment by him was this memorandum endorsed upon it—"1855, Sept. 13, filed and acknowledged in office by Robert Pritchett, a party thereto." There was no signature to this endorsement, but it was conceded to be in Pritchett's handwriting, who was the clerk, and upon this evidence the deed was spread upon the record June 13, 1866, by Wyatt S. Beazley, then clerk, who had previously married the widow of Robert L. Pritchett.

By another deed dated January 17, 1859, the same Robert Pritchett conveyed the same property to John Graves in trust to secure a bond debt of $678.37 to the Greene Humane Society.  The deed was signed by Pritchett, and it seems that the certificate of its admission to record was similar to that endorsed on the other deed.

This suit was brought in the circuit court of Greene county in May, 1877, by J. G. E. D. Davis, E. B. McMullen and N. B. Chapman, trustees of the Greene Humane Society, against Sims, who was surety in the said bond, the heirs of Robert Pritchett and others to enforce the deed of trust ; and the cause coming on to be heard in June, 1877, upon the bill, the joint answer of Wyatt and wife, general replication thereto and exhibits filed, the court decreed that the bill be

dismissed with costs, but without prejudice to any proper proceeding which the plaintiffs might be advised to institute.

From this decree an appeal was allowed by one of the judges of this court.

*J. H. Dooley*, for appellants.

*Jas. G. & W. W. Field*, for appellees.

BURKS, J., delivered the opinion of the court.

The controversy in this case is between adverse claimants under two several deeds of the same grantor, conveying the same property—the one a deed of bargain and sale, dated September 13, 1855, and the other a deed of trust bearing date January 17, 1859, given to secure a debt of the grantor, with power to the trustee to sell the property in default of payment of the debt. It is admitted that the debt is just, and has never been paid.

According to repeated decisions of this court (see Williams & others v. Lord & Robinson & others, decided during the present term, and cases there cited), the trustee and the secured creditor are purchasers for valuable consideration within the meaning of the statute (Code of 1873, ch. 114, § 5), and their title is not affected by the prior deed, unless they had notice of it at the date of their purchase. It is not pretended that they, or either of them, had actual notice, but the contention is, that they had constructive notice by registration—not by the actual recordation of the deed, for it was not recorded, in fact, until some years after the trust deed was executed, but by the admission of the deed to record by the clerk of the registry court, which took place, as alleged, anterior to the execution of the deed of trust. If it was duly admitted to record, notice in contemplation of law was thereby given as effectually as if it had been

then spread on the deed book (Beverly v. Ellis & Allen, 1 Rand. 102), and the certificate of the clerk, written on the deed, that it has been so admitted to record, would be evidence of the fact. Harkins v. Forsyth, 11 Leigh 294 ; Carper v. McDowell, 5 Gratt. 212 ; 2 Minor's Inst. 870. But in the case before us, Robert Pritchett, the grantor in the deed, was the clerk who made the certificate and admitted the deed to record, if it was admitted at all. The endorsement on the deed is in the words and figures following : "1855, September 13. Filed and acknowledged in office by Robert Pritchett, a party thereto."

There is no signature to this endorsement, but it is conceded to be in the handwriting of the clerk.

There is no other certificate and no other evidence of acknowledgment or of admission to record. Can it be said upon this evidence that the deed was "duly admitted to record" within the meaning of the statute?

The clerk of the registry court, in his office, may admit to record any deed or other writing (authorized to be recorded) as to any person whose name is signed thereto, when it has been acknowledged by such person or proved by two witnesses as to him before such clerk, in his office ; and he may also admit any such writing to record as to any person whose name is signed thereto, upon a certificate of such person's acknowledgment before such officers designated by the statute. Code of 1873, ch. 117, §§ 1, 2, 3.

But how can a party to a deed acknowledge it before himself ? The act to be done implies *ex necessitate rei ;* that there are at least two parties—one who makes the acknowledgment and another who receives and certifies it. The law contemplates no such anomaly as that of a party to a deed taking his own acknowledgment of it before himself in his official character. No adjudged case has been cited, if any such there be, in support of the remarkable proposition that a

party to an instrument may acknowledge it before himself as an officer, and that such acknowledgment certified by him is sufficient, under a statute authorizing recordation of instruments on certificate of acknowledgment before such officer ; and if any such case could be found, we do not hesitate to say that it would not control our judgment in the construction of the registration acts of this state.

It is a fundamental maxim in our jurisprudence, that no man can be a judge in his own cause. Under the influence of this principle, it has been frequently held, that a grantee in a deed or beneficiary under it, is not allowed as an officer to take an acknowledgment of the deed by the grantor, with a view to its registration. The certificate of such acknowledgment is invalid as authority to admit the deed to record, and hence a recordation based upon it is without effect as notice by construction under the registry laws. Groesbeck v. Seeley, 13 Mich. 329 ; Beaman v. Whitney, 20 Maine, 413 ; Wasson, adm'r, v. Conner, trustee, 24 Miss. 354 ; Brown & others v. Moore, 38 Texas, 645. For further illustration of the maxim, see Broom's Leg. Max. 117 ; Bowers' adm'r v. Bowers & others, 29 Gratt. 697.

The scope of the maxim is wide enough to take in the case we are dealing with. It is the duty of the clerk of the county and corporation courts to take and certify acknowledgments of deeds and other writings in his office and to admit them to record. These functions involve inquiry and determination, and partake of a judicial character. The admission to record is in law notice of the deed to the world. After it is "admitted to record," it is the duty of the clerk to "record" it in the deed-book (Code of 1873, ch. 117, § 8) ; and the admission to record is equivalent to actual recordation for the purpose of notice. Beverly v. Ellis & Allan, *supra.* For this purpose, the admission to record is effectual though the clerical act of spreading the instrument *in extenso* on the deed-book be never performed.

Under these circumstances, it would seem to be against the spirit of the rule referred to, if the clerk were allowed to act officially where his private interest might conflict with his duty to third parties and the public.

There was no propriety in Pritchett's taking and certifying his own acknowledgment, and there was no necessity for it. He might have acknowledged the deed in the county court of Greene, or *in pais* before some disinterested officer authorized by the statute to take and certify acknowledgments of deeds, and, in either case, the deed might have been duly admitted to record. But as it was not thus admitted to record, there was no notice by operation of law, and as there was no actual notice, it was void as to the claimants under the deed of trust.

It seems that the certificate of the admission to record of the deed of trust is similar to the certificate endorsed on the other deed. But that is an immaterial circumstance in the case. The trust deed is good between the parties, and, if not duly admitted to record, is void only as to creditors and subsequent purchasers. (Code of 1873, ch. 114, § 5.) The title under it, acquired *bona fide* and for valuable consideration, is good against a prior purchaser, though the deed was never recorded, nor duly admitted to record.

In addition to the views which have been presented, we deem it proper to say, that the circumstances of this case tend strongly to show, that it was never intended that the instrument in question should take immediate effect, if at all, as an absolute deed.

It purports to be the deed of the grantor and his wife, and a certificate of her privy examination by Arthur Stephens, a notary public, bearing even date with the deed, is appended, but the deed is not signed by the wife, nor is the certificate signed by the notary. The endorsement by the clerk does not state that the deed was admitted to record, or that it was

acknowledged for that purpose, nor is it signed by the clerk. It does not appear that it was ever in the possession of the grantee. On the contrary, it is charged in the bill, that it was kept by the grantor and was found among his papers after his death ; and the latter allegation is substantially admitted by the answer of Beazley and wife. The grantor lived seven years and more from the time the deed bears date and was clerk of the court, yet he never recorded the deed, nor was it recorded until three years and upwards after his death, and ten years from its date, when it was copied into the deed-book by Mr. Beazley, the then clerk.

These circumstances tend very forcibly to induce the belief that the instrument never took effect as a deed of conveyance, and was never considered by the grantor as admitted to record. They would seem to indicate a purpose which was never carried out, but for some reason was abandoned. This is consistent, too, with the execution in good faith of the deed of trust some three years after the date of the deed of bargain and sale. If, on the other hand, the latter deed was intended to be effectual, then Pritchett was guilty of the grossest fraud in borrowing money and pretending to secure its payment by a lien on land which he had already sold and conveyed to his son. In the view taken, however, no fraud is imputed. The courts will never infer fraud in fact from circumstances which are consistent with an honest intent.

The circuit court dismissed the bill brought by the complainants to declare the prior deed void as to them and to enforce the deed of trust.

The decree, for the reasons stated, is, in our opinion, erroneous and must be reversed and the cause remanded for further proceedings.

Decree reversed and cause remanded.