# Richmond.

## BOWDEN V. PARRISH.

### APRIL 25th, 1889.

#### Absent, Richardson, J.

1. DEEDS—*Acknowledgment before beneficiary—Recordation—Constructive notice.*
   Acknowledgment of deed by grantor before the trustee as officer, is invalid, and its recordation upon such acknowledgment does not give constructive notice.
2. IDEM—*Acceptance.*—Acceptance of grantee is implied in the delivery of the deed, and until he renounces it the law presumes it beneficial to him.
3. MASTER'S REPORT—*Evidence.*—In absence of evidence to the contrary, commissioner's report is conclusive as to any fact he is directed to ascertain, and unless so directed, he need not return the evidence.
4. JUDICIAL SALES—*Heir's interest in ancestor's land.*—To decree, before settlement of administration, sale of an heir's interest in his ancestor's land is reversible error.

Appeal from decree of circuit court of King and Queen county, rendered July 8, 1887, in the chancery cause of Wm. M. Parrish against B. F. Bowden and Margaret L., his wife, Richard E. Bowden, and Roderick Bland, substituted trustee. The decree being unfavorable to Richard E. Bowden, he appealed. Opinion states the case.

*J. N. Stubbs* and *Geo. P. Haw*, for the appellant.

*Thomas P. Bagby*, for the appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit in the circuit court of King and Queen county to subject the real estate of the defendant, B. F. Bowden, to the satisfaction of the liens thereon. The suit was brought by the appellee, Wm. M. Parrish, who is a judgment creditor of the said B. F. Bowden and M. L. Bowden, his wife. The plaintiff's judgment was recovered in April, 1884, and the first question to be determined is whether or not the lien of the judgment is paramount to a certain deed of trust executed by the said Bowden and wife to R. B. Roy, trustee, in January, 1873, and which, as appears from the record, purports to have been admitted to record in the clerk's office of King and Queen county court on the 13th of March, 1873, upon a certificate of acknowledgment, signed by the said Roy, a notary public.

The bill charges that the deed was improperly admitted to record, and that its pretended recordation is a nullity, because founded upon a void acknowledgment, the said Roy being trustee in the deed, and therefore incompetent to take the acknowledgment. And this position, we think, is well taken.

In *Davis* v. *Beazley*, 75 Va., 491, it was decided that a grantee in a deed, or a beneficiary under it, is not allowed as an officer to take an acknowledgment of the deed by the grantor with a view to its registration, and that the certificate of such acknowledgment is invalid as authority to admit the deed to record, and hence a recordation based upon it is without effect as notice by construction under the registry laws. And the conclusive reason assigned was that the act of an officer in taking an acknowledgment of a deed is judicial in its character, and cannot, therefore, be performed by one who is interested in it, since no man can be a judge in his own cause. In that case the grantor in the deed took his own acknowledgment to it, and, as clerk, admitted it to record, and this was held to be invalid.

The same principle is applicable to the present case. The

trustee was an interested party, and therefore disqualified to take the acknowledgment of the grantors, as much so as if he had been the sole beneficiary in the deed. Any interest in the proceeding whatever, no matter how slight or remote, will disqualify a man from acting as "a judge in his own cause," and here the trustee was interested, at least to the extent of his commissions. And so in similar cases it has been determined in other states. *Brown* v. *Moore*, 38 Tex., 645; *Stevens* v. *Hampton*, 46 Mo., 404; 32 Am. Dec., 757, note to *Withers* v. *Baird;* 1 Am. and Eng. Ency. of L., 145, and cases cited.

Indeed, the general principle is conceded by counsel for the appellant, but he insists that it ought not to be applied in this case, because, he says, there is no evidence of *acceptance* on the part of the trustee. But this position is untenable, as the acceptance of a grantee in a deed for his benefit is always implied in the delivery of the deed, and the law presumes that every estate is beneficial to the party to whom it is devised or conveyed, until he renounces it. *Skipwith* v. *Cunningham*, 8 Leigh, 271; 2 Min. Inst., 656. And here no dissent on the part of the trustee was expressed, and none can be implied merely from his act of taking the grantor's acknowledgment to the deed.

It is contended, however, that there is no proof that the officer by whom the acknowledgment was certified, is the same person who is named as the trustee in the deed. But the answer to this is, that the commissioner to whom the cause was referred, reports that he was, and there is no proof to the contrary; nor was it the duty of the commissioner to return the evidence upon which his report was based in the absence of any direction so to do, and none was given in the present case. The report, therefore, upon this point is conclusive. *Bowers* v. *Bowers*, 29 Gratt., 697; *Robinson* v. *Allen*, 85 Va., 731.

Another objection made by the appellant is, that the commissioner did not report as to whether the deed of trust is a lien on the defendant's real estate, "or make any report about

it." The commissioner did report the facts concerning it, and although he did not report in so many words that the deed, in his opinion, had not been legally recorded, and therefore that there was nothing upon which to predicate constructive notice of it to the plaintiff, yet he did impliedly so report; and the effect of the decree overruling the exceptions to the report, and directing the land to be sold, was to determine that the alleged registry of the deed was a nullity. This was a legal conclusion from the facts reported by the commissioner, and hence the appellant has not been prejudiced by the failure of the commissioner to report more specifically and in detail upon the point. Enough appeared to enable the court to pass upon it, and that is all that was necessary.

We are of opinion, however, that there was error in decreeing a sale of the interest of the defendant, B. F. Bowden, in the real assets of the estate of his father, Robert Bowden, deceased, before directing a settlement of the administrator's accounts. There are several heirs, and the failure to direct such an account was contrary to the established rule in such cases, recognized in *Hoge* v. *Junkin*, 79 Va., 220, and is error for which the decree must be reversed. And as the case must go back to the circuit court for further proceedings, it is unnecessary to pass upon any other question discussed at the bar.

DECREE REVERSED.