87  385·
93  105|

## Richmond.

### BARTON V. BRENT.

January 29th, 1891.

1. DEEDS—*Invalid acknowledgment—Recordation.*—Deed of trust by husband and wife to a trustee, who, as notary, took their acknowledgment, the recordation is invalid as to both, and the deed wholly void as to the wife, and as to the husband, valid only between the parties and as to third persons having notice thereof. *Bowden* v. *Parrish*, 86 Va., 67.

2. INSOLVENT DEBTOR—*Preference among creditors.*—It is settled doctrine in this State that a debtor in insolvent circumstances may make an assignment, preferring one, or more, of his creditors to the rest. *Paul* v. *Baugh*, 85 Va., 955.

3. ASSIGNMENT TO WIFE—*Consideration—Estimate of adequacy— Case at bar.*— Testator devised house and lot to daughter on condition if she died without issue, then, over. Same was sold under decree, and proceeds invested on same terms, in two bonds of husband, aggregating $3,000, held by a bank, and supposed to be secured by a trust deed, which proved to have been invalidly acknowledged. Later, husband assigned to wife his interest in the property devised her by her father (which was the use for their joint lives of the said two bonds), in consideration of B. & Co.'s release of debt of $400, due them from him. Another creditor of husband brought suit to annul the assignment as being without valuable and adequate consideration. Master reported life interest as worth $2,132.23, calculated by the tables of mortality. The evidence tended to show the real value of his interest, not to exceed $500: *held*, the consideration was valuable and not shown to be inadequate. Assignment was not a post-nuptial settlement, but, as it were, one by debtor to creditor, and by latter to the wife. No correct estimate of value of husband's interest in the notes, could be made from the life-tables according to rule in *Strayer* v. *Long*, 86 Va., 557.

4. PRINCIPAL AND SURETY—*Subrogation.*—Surety cannot be subrogated to the benefit of trust deed executed to secure the debt, until he pays the same, and then he is entitled only to such security as the creditor has.

Appeal from decree of circuit court of Frederick county, rendered June 11th, 1891, in the cause entitled "*D. W. Barton's Ex'or* v. *E. S. Brent et als.*" The decree being adverse to the complainant, he appealed. Opinion states the case.

*Barton & Boyd* and *J. J. Williams,* for the appellant.

*Harrison & Byrd,* for the appellees.

LEWIS, P., delivered the opinion of the court.

This was a creditors' suit in the circuit court of Frederick county, brought by the executor of D. W. Barton, deceased, the appellant here, to subject the property of the defendant, E. S. Brent, to the satisfaction of the liens thereon. The bill charges, among other things, that a certain deed, dated March 6, 1886, whereby Brent assigned to his wife, all his interest in the property devised to her by her father, *was without consideration deemed valuable in law, and is therefore void;* and the prayer is that the deed be set aside on that ground.

The facts in relation to the matter are these:

By his will, the late George W. Baker, the father of Mrs. Brent, devised to her a certain house and lot in Winchester, with the provision that in the event of her dying without issue, the property should pass to the children of his first wife. The property was afterwards sold, under a decree in a friendly suit in chancery, and the proceeds of sale were ordered to be invested in other property, to be held subject to the same limitation as that prescribed in the will. The money was accordingly invested in two notes of Brent, aggregating about $3,000, which were held by the Shenandoah Valley National Bank, and which were supposed to have been secured on certain real estate, in Frederick county, by a deed of trust from Brent to Tilman Shumate, trustee, dated November 1, 1875. The deed, however, was admitted to record upon Brent's acknowledg-

ment taken by Shumate, as a notary public, and this acknowl-edgment being invalid, because of Shumate's incompetency to take it—he being the trustee in the deed—it is conceded that the recordation of the deed is void. *Bowden* v. *Parish*, 86 Va., 87.

The testator died, and his will was admitted to probate, in the year 1865. Mr. and Mrs. Brent have no children, and have never had issue, so that under the law, as it was at the testator's death, the defendant, Brent, took an estate in the house and lot above mentioned for the joint lives of himself and wife. *Breeding* v. *Davis*, 77 Va., 639. It does not appear that Mrs. Brent had any other property.

The deed first above mentioned recites that Brent is indebted to Baker & Co. in the sum of two hundred and sixty-four dol-lars, with interest from January 24, 1878; and to C. M. Gibbens in the sum of one hundred and six dollars, with interest from March 5, 1886, and that the assignment to Mrs. Brent was made in consideration of the release of these debts. The cir-cuit court held that this was a valuable consideration for the assignment, and upheld the assignment by the decree com-plained of.

We are of opinion that in this particular the decree is right. There is no question that the debts were *bona fide* and subsist-ing obligations, and looking to the substance, rather than the form, of the transaction, it is the same, in effect, as if the as-signment had been taken by the above-mentioned creditors directly to themselves, and the interest had been afterwards assigned by them to Mrs. Brent. The assignor was at the time admittedly insolvent; and had the transaction assumed the form just suggested, it would have presented the common case of an insolvent debtor making preferences as between his creditors, which this court has repeatedly held is neither ille-gal nor immoral when not prohibited by statute. *Paul* v. *Baugh*, 85 Va., 955, and cases cited.

There is no proof of fraud in the transaction, nor is fraud positively charged in the bill. The only allegation in this

connection is that the assignment was without a valuable consideration. Nor does the evidence show that the consideration was inadequate. If the notes in which the investment
above mentioned was made were worth their par value, the
commissioner's report shows that the defendant's life interest
therein would be worth $2,132.23. But the evidence does not
show what their real value is, and there is evidence tending
to prove that the defendant's interest does not exceed in value
four or five hundred dollars. It is manifest that without first
ascertaining the value of the notes, no correct estimate of the
value of the husband's interest therein could be made from
the life-tables, according to the rule laid down in *Strayer* v.
*Long*, 85 Va., 557.

If, in fact, the consideration for the assignment was so
grossly inadequate as to amount to proof of fraud, it was incumbent on the appellant to show it, and in the absence of
such proof the transaction must stand. The case is not within
the principle of *Blow* v. *Maynard*, 2 Leigh, 29, and that class
of cases relating to post-nuptial settlements, nor is it within
the principle decided in *Gates* v. *Law*, 86 Va., 117; for here, as
we have seen, the consideration is shown to have moved from
third persons, who virtually became the purchasers of the husband's interest, and who then assigned it, or caused it to be
assigned, to the wife. The case, therefore, is not that of a
purchase by the wife, but rather that of a gift to the wife by
creditors of the husband, the validity of whose debts is not
questioned.

The next question is between the appellees, Brent and wife,
and the appellee, John M. Miller. It appears that Brent and
Miller were sureties for one H. M. Brent, who was cashier of
the Shenandoah Valley National Bank of Winchester, and
who, as such cashier, defaulted for a considerable sum. On
the 23rd of January, 1878, the appellee, Brent, conveyed certain property to W. L. Clark and E. H. Boyd, in trust, to secure certain debts, and, among them, "whatever debt, no mat-

ter what the form or the evidence of it may be, for which E. S. Brent is bound, growing out of his liability, jointly, with John M. Miller, as surety for H M. Brent as cashier," etc.

Some time after the defalcation occurred, Brent and Miller, the sureties, had what they called "a final settlement of all accounts between them relating to their debts due in the said bank by reason of their suretyship aforesaid, and, according to that settlement, it appears that they were jointly liable to the bank, as such sureties, for $10,000. Of this sum it was agreed between them that Miller would assume $8,200, and Brent $1,800, which was accordingly done, Miller executing his note for $8,200, and Brent executing his note for $1,800, with Miller as endorser.

Miller's note seems to have been paid; but there is still a balance due on Brent's note of $847.03, for which amount Miller claims to be entitled to a lien by virtue of the deed of trust of January 23, 1878, and which lien, he insists, is paramount to the trust deed of November 1, 1875.

The circuit court sustained this contention, and in this we think there was error.

The joint liability secured by the deed of January 23, 1878, was, not to Miller, but to the bank, and the only way, therefore, by which Miller could, under any circumstances, become entitled to the security would be by virtue of the equitable doctrine of subrogation, upon his paying the money due by Brent for whom he is endorser. But, in point of fact, he has not paid any part of it, and hence the doctrine of subrogation has no application to the case. And even if he had paid the money, his claim would be subordinate to the trust deed of November 1, 1875, because he could only claim through the bank, and the bank confessedly had actual notice of that deed before the deed of January 23, 1878, was executed. *Hopewell* v. *Cumberland Bank*, 10 Leigh, 206, 227.

The same consideration would apply if the suit, so far as Miller's claim to the benefit of a prior lien is concerned, were

treated as in the nature of a proceeding *quia timet.* In either case he could claim only through the bank, and if the bank is affected with notice of the invalidly recorded deed—*i. e.,* the deed of November 1, 1875—he (Miller) could stand upon no better footing. In such a case the surety can enforce for his exoneration only such security as the creditor has against the principal. *Stephenson* v. *Taveners,* 9 Gratt., 398; 3 Pom. Eq., sec. 1417, note 2.

Besides, the evidence is positive that Miller himself had notice of that deed before the execution of the last one. Wm. B. Baker, president of the bank, in his examination as a witness before the commissioner, was asked this question: "Prior to the 23d day of January, 1878, was John M. Miller informed and cognizant of the deed of trust dated 1st day of November, 1875, to Tilman Shumate, trustee?" To which he answered, "He was."

The decree in the particular last mentioned must, therefore, be reversed, and in all other respects affirmed.

DECREE REVERSED IN FAVOR OF APPELLEES IN PART, AND AFFIRMED IN ALL OTHER RESPECTS.