93　101
96　 68
96　139

93　101
|100　167|

93　101'
107　647|

## Richmond.

NICHOLSON v. GLOUCESTER CHARITY SCHOOL.

APRIL 16, 1896.

1. APPEALS—*Cross appeals—Dismissal of one—Rule of Court IX.*—Where a complainant, and a defendant whose rights are involved in the same question, both appeal from the same decree, but the complainant permits his appeal to be dismissed for failure to give the appeal bond, he may, nevertheless, under Rule IX. of this court, have his. rights determined in the case in which the defendant appealed.

2. ACKNOWLEDGMENTS—*Officer trustee—Judicial act—Recordation void.*— The clerk of a county court in which a deed is to be recorded, cannot take and certify the acknowledgment of the grantor in a deed of trust to secure debts in which the clerk is the trustee. The act is a judicial act    A recordation on such an acknowledgment is void.

3. ACKNOWLEDGMENTS BEFORE CORPORATOR OF ELEEMOSYNARY INSTITUTION WHICH IS BENEFICIARY.—A corporator in a purely eleemosynary institution, although he receives a small sum for attending each meeting of the board and for acting as its secretary, is not disqualified from taking the acknowledgment of a grantor in a deed of trust to secure a debt due such institution.

Appeal from a decree of the Circuit Court of Gloucester County, pronounced May 16, 1893, in a suit in chancery, wherein the appellant was the complainant, and the appellee and others were defendants.

*Reversed.*

The opinion states the case.

*Wm. B. Taliaferro* and *Charles E. Cary,* for the appellant.

*Wm. ap W. Jones, Maryus Jones, J. N. Stubbs* and *James H. Dooley,* for the appellees.

KEITH, P., delivered the opinion of the court.

The "Gloucester Charity School," a corporation created by act of the Virginia Legislature, filed a bill in chancery in the Circuit Court of the county of Gloucester, to which W. T. Robins and S. N. Robins, and the trustees and beneficiaries in certain deeds of trust, in which Robins and his wife were grantors, were made parties defendant, and show, among others, the following facts:

That on the 21st of October, 1882, Robins and wife executed a trust deed to John S. Cooke, conveying to him, as trustee, a farm known as "Fiddler's Green," to secure a debt of one thousand dollars due J. M. Nicholson; that on the 18th of May, 1883, the same parties conveyed the same tract of land to John W. C. Catlett, trustee, to secure the plaintiff the sum of one thousand dollars; and that on the 8th of January, 1889, the said grantors conveyed the same land to H. C. Bland, trustee, to secure a debt of an unascertained amount due by the grantor, W. T. Robins, as commissioner of sale in the chancery causes of *McCandlish* v. *McCandlish*, and *Barlow* v. *McCandlish*.

To this bill answers were filed, and depositions having been taken, the cause was referred to a commissioner to report the liens binding upon "Fiddler's Green," their amounts and priorities. Upon the coming in of the report of the commissioner, exceptions were taken, and a decree was entered establishing the priority of the lien created by the deed to Bland, trustee, dated January 8, 1889. From this decree the Gloucester Charity School was granted an appeal on the 4th day of January, 1894, and James M. Nicholson also applied for and obtained an appeal from one of the judges of this court on the 2d day of May, 1894. The Gloucester Charity School having failed to execute the bond required of it in the order granting the appeal, its appeal

was, on motion of the appellees, dismissed at the recent January term of this court.

It is claimed on the part of those in adverse interest that the Gloucester Charity School is no longer before this court. while on its behalf it is contended that, though its separate appeal has been dismissed, it is here by virtue of Rule IX of this court, which is in the following words:

" In any appeal, writ of error, or supersedeas, if error is perceived against any appellee or defendant, the court will consider the whole record as before them, and will reverse the proceedings, either in whole or in part, in the same manner as they would do were the appellee or defendant to bring the same before them, either by appeal, writ of error, or supersedeas, unless such error be waived by the appellee or defendant, which waiver shall be considered a release of all error as to him."

This rule has been frequently construed, and the cases establish that, where the " parties appealing and the parties not appealing stand upon the same ground, and their rights are involved in the same question, and equally affected by the same decree, the appellate court will consider the whole case, and settle the rights of the parties not appealing as well as those appealing."    See *Walker* v. *Page*, 21 Gratt. 636; *Alexander* v. *Alexander*, 85 Va. 353.

The object of this suit is to ascertain the liens of several creditors upon the real estate of a common debtor.  They were determined and fixed by the same decree.  That as between the debtor and the creditors secured, the deeds of trust, which are the subjects of controversy, constitute liens, is not disputed, nor are their several amounts in doubt; the only question litigated is that of priority.    All are liens, but in what order ?  If the Gloucester Charity School had never applied for an appeal on its own behalf its rights could have been passed upon in the appeal granted at the suit of J. M. Nicholson.    Before the dismissal of its separate appeal at

the January term, for failure to execute the required bond, there were two appeals pending in which errors to its prejudice could have been considered. One of them has been dismissed ; the other remains. But it is said that the dismissal of an appeal is an affirmance of the decree. This position would perhaps prove too much. If the decree from which the Charity School appealed be affirmed, then Nicholson is also out of court. This view would seem to be extremely technical, to say the least. Here is a case where a party finds that there are two cases pending in which his rights can be asserted. In order to avoid costs, it is agreed among the appellants that only one appeal shall be perfected, and only one record shall be printed, and thereupon one of the appeals is allowed to go by default. No one is injured or prejudiced in the least degree.

We shall therefore proceed to inquire whether or not there has been any error to the prejudice of either appellant in the dercee under review.

The objection taken to the recordation of the deed to Cooke, trustee, to secure Nicholson is fatal. It appears that John S. Cooke, who is named as trustee, is the same John S. Cooke who, as clerk of the County Court, took and certified the acknowledgment of the grantors. The authorities upon this point in this State are numerous. It is said by Judge Burks, in *Davis* v. *Beazley*, 75 Va. 491, 495: "It is a fundamental maxim of our jurisprudence, that no man can be a judge in his own cause. Under the influence of this principle, it has been frequently held that a grantee in a deed, or a beneficiary under it, is not allowed as an officer to take an acknowledgment of the deed by the grantor, with a view to its registration. The certificate of such acknowledgment is invalid as authority to admit the deed to record, and hence a recordation based upon it is without effect as notice by construction under the registry laws." To the same effect see *Raines* v. *Walker*, 77 Va. 92; *Bowden* v. *Parrish*, 86

Va. 67; *Corey* v. *Moore*, &c., Id. 721; *Barton* v. *Brent*, 87 Va. 385. This question may be considered as at rest in this State so far as the courts are concerned.

It is contended that the recordation of the deed to Catlett, trustee, of the 18th of May, 1883, is invalid by reason of the following facts: The acknowledgment of the grantors was taken by one Thomas S. Taliaferro, a commissioner in chancery, who is one of the corporators of the Gloucester Charity School, the corporation whose debt is secured in that deed. It also appears that Mr. Taliaferro is entitled to receive as a corporator two dollars a day for each day's attendance upon the meetings of the board, and that he is secretary of the board, and receives two dollars per day for his services as such. There is evidence also that the corporators are required to give bond for the faithful discharge of their duties.

By the act of incorporation it is provided: "No money shall be loaned out until public notice has been given of the purpose of the board to lend, and if loaned, two-thirds of the members of the board of trustees must be present to consider applications, and then a majority of all the trustees must concur in the loan before the loan can be made. Money shall be loaned out only on real estate located in Gloucester county, and it must be unencumbered. The applicant must have a fee simple title, and the land, exclusive of buildings, must be double the value of the amount to be loaned. The applicant will be required to give a trust deed, his wife uniting in the deed, if he is a married man, conveying the land, giving bond and two *securities*, payable to the Gloucester Charity School, interest to be paid annually. All expenses of the trust deed to be borne by the party borrowing the money, including recordation of the same. The Gloucester Charity School shall name the trustees in every trust deed taken for the loan of money."

In this case the loan was made under circumstances which it is claimed render the corporators liable to make good any

loss that might be sustained, and therefore Mr. Taliaferro was so related to the subject as to be disqualified to perform judicial functions with respect to it.

It is conceded that any pecuniary interest is a ground of disqualification in a judge, for the law will not undertake to measure the degree of interest; but however small the interest may be, it must be direct. It is said by Pothier Pro. Civ. C., 2, sec. 5, that a creditor, lessee, or debtor may.be a judge in the case of his debtor, landlord, or creditor, except in cases where the amount of the party's property involved in the suit is so great that his ability to meet his engagements with the judge may depend upon the success of the suit.

In the case before us, we cannot perceive that there is any ground of disqualification. Taliaferro, it is true, was a corporator, but the Gloucester Charity School is a purely eleemosynary institution. It is not a business corporation; it is not organized to make money; it has no stock and declares no dividends. It is true that Mr. Taliaferro received for his services a small stipend for each day's services as corporator and secretary for attending the meetings of the Board, but he is to this extent the creditor of the corporation, and it does not appear that it will be rendered unable to pay him by any decision that may be entered here. As to liability for negligence in making the loan, it does not appear that he was present when the loan was made, nor indeed that he was at that time one of the corporators.

There is an effort to show that there was actual notice of the existence of the deed to Cooke to secure Nicholson, but upon that point the evidence wholly fails.

The case as to the acknowlegment taken by Taliaferro is altogether distinguishable from that of the acknowledgment taken by Cooke. Both Cooke and Taliaferro performed judicial functions in taking the acknowledgments now drawn in question, but in order to sustain the action of Cooke we

would·be required to overturn a long line of well considered cases which decided the precise point; while, in order to hold the act of Taliaferro invalid, we would be obliged to extend the principle of those decisions.   We would have to decide that a corporator in an eleemosynary corporation had in it a disqualifying pecuniary interest, or that a judge was disqualified to sit in judgment upon a case to which his debtor or creditor was a party, however trivial the debt or demand might be.   We think to do so would be most inexpedient and unwise, and would tend greatly to embarrass, in many cases, the conduct of affairs without in any degree promoting purity in the administration of justice.

There are a great number and variety of circumstances and conditions which may serve to incapacitate a person to act judicially with respect to a subject, but we have, of course, confined ourselves to a discussion of those presented, or at least suggested, in this record.

We are of opinion that the deed of trust given to secure the Gloucester Charity School was property admitted to record, and being prior in point of time should have been given precedence over the deed to Bland, trustee.

As the sum for which " Fiddler's Green " was sold will be exhausted in satisfying the claim of the Gloucester Charity School, it is unnecessary to decide any other question in the case.

For the foregoing reasons, the decree of the Circuit Court of Gloucester county must be reversed, and a decree entered in accordance with this opinion.

*Reversed.*