## Wytheville.

IRON BELT BUILDING AND LOAN ASSOCIATION V. J. S. GROVES
AND OTHERS.

JUNE 23, 1898.

1. ACKNOWLEDGMENTS—*Officer a Grantee—Officer's Ignorance of Fact—Refusal to Accept Trust—Notice.*—A grantee in a deed, or a beneficiary under it, is incapable of taking or certifying an acknowledgment of it for recordation. The fact that the trustee in a deed of trust who took the acknowledgment of the grantor did not know at the time that he was a party to the deed, and refused to accept the trust as soon as he discovered that he was a trustee, is wholly immaterial. Recordation upon such acknowledgment is not constructive notice of the deed.

Appeal from decrees of the Circuit Court of Pulaski county pronounced at March and October terms, 1897, in a suit in chancery wherein appellees were the complainants, and appellant and others were the defendants.

*Affirmed.*

The opinion states the case.

*A. A. Phlegar* and *C. A. McHugh,* for the appellant.

*D. D. Hull, Jr.,* and *Ro. L. Gardner,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

On the 12th day of May, 1892, F. M. Jones, and E. S. Jones and his wife, conveyed a parcel of land in Pulaski county to

three trustees to secure the payment of money borrowed by the grantors from the Iron Belt Building and Loan Association of the city of Roanoke.

The grantors acknowledged the deed before one of the trustees named in it, and upon his certificate of acknowledgment the clerk of the County Court admitted the deed to record. Subsequently, the appellees obtained judgments against the grantors in the deed, and in September, 1895, filed their bill to subject the land conveyed to the payment of their judgments, charging, among other things, that the recordation of the deed of trust was not constructive notice to them of its existence, because the acknowledgment of the grantors before an officer who was one of the grantees in the deed did not authorize it to be put upon record, and that they had priority over the lien created by the deed of trust. The court, upon the hearing of the cause, so decided, and from that decree this appeal was taken.

It is the settled law of this State that the grantee in a deed, or a beneficiary under it, is not authorized as an officer to take an acknowledgment of the deed with a view to its registration, and that the certificate of such acknowledgment furnishes no authority for admitting the deed to record, and hence a recordation based upon it is without effect as notice by construction under the registry laws. *Davis* v. *Beasley*, 75 Va. 491, 595; *Clinch River Veneer Co.* v. *Kurth*, 90 Va. 737; *Nicholson* v. *Gloucester Charity School*, 93 Va. 101, and cases cited.

Counsel of the appellant do not, as we understand them, controvert this as a general proposition, but insist that the rule has no application where the grantee, when he took the acknowledgment, did not know that he was a party to the deed, and refused to accept the trust as soon as he learned that he was named as one of the trustees.

The fact that the trustee who took the acknowledgment may not have known that he was a grantee in the deed at that time, and that he afterwards, upon ascertaining the fact, refused to

accept the trust, does not, in our opinion, change the rule which is based upon the fundamental principle that no man ought to be a judge in his own cause, or a ministerial officer in his own behalf. Although a judge may not know that he is a party to a cause when he decides it, or may afterwards, when he learns of his interest, release it, the judgment is none the less defective. Its validity must be determined by the facts as they existed when the judgment was rendered.

The object of the registry laws is to secure titles, and to prevent frauds. The certificate of acknowledgment is required to perfect the deed for recordation. As the record when made is constructive notice to all the world, public policy requires that it should impart as near absolute verity as is consistent with a due regard to the rights of the parties interested. It would open the door to great abuses and gross frauds to make the validity of the registration of a deed depend upon the recollection, or the subsequent conduct of the party who took the acknowledgment.

It can work no hardship to adhere inflexibly to the rule heretofore announced by this court, and by most of the courts of this country, that a grantee in a deed, or beneficiary under it, is incapable of taking or certifying an acknowledgment of it for recordation. Many of the cases upon the subject are cited in notes to *Cooper* v. *Hamilton*, 56 Am. St. Rep. 795, 798, &c.; and *Havemeyer* v. *Dahn*, 33 L. R. A. 332, &c. See, also, case of *Rothschild* v. *Daugher*, 34 Am. St. Rep. 811.

We are of opinion that there is no error in the decree complained of, and that it must be affirmed.

*Affirmed.*