**MASSACHUSETTS TRUST CO. v. LOON LAKE COPPER CO. et al.**

(Circuit Court of Appeals, Ninth Circuit. March 9, 1925.)

No. 4389.

1. **Chattel mortgages ⬤⇒201(2)—Evidence held insufficient to show execution not complete until formal acceptance on date subsequent to that recited in instrument.**

Evidence *held* insufficient to show execution of chattel mortgage was not in fact complete until formal acceptance by mortgagee several days after date of execution recited in instrument as affects validity of mortgage under Rem. Comp. Stat. Wash., § 3780, requiring recordation within 10 days after execution.

2. **Contracts ⬤⇒45—Whether delivery of instrument has been made is a question of fact inferrable from circumstances.**

Whether delivery of instrument has been made is question of fact inferrable from circumstances.

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Suit by the Massachusetts Trust Company against the Loon Lake Copper Company and J. Webster Hancox, its receiver. Decree for defendants, and plaintiff appeals. Affirmed.

Frederick W. Dewart and Lawrence H. Brown, both of Spokane, Wash., for appellant.

J. Webster Hancox, of Spokane, Wash., and Samuel R. Stern, of Seattle, Wash., and Albert I. Kulzer, of Cheweloh, Wash., for appellee Hancox.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellee, Loon Lake Copper Company, executed to the appellant as trustee a mortgage upon certain real and personal property. The instrument was signed and acknowledged by the copper company by its president and secretary on November 27, 1918. It was also signed by the president and secretary of the appellant, and by them acknowledged on November 29, 1918. It was not filed for record until December 11, 1918. The appeal brings before this court the single question whether or not by the delay in recording the instrument the personal property was released from the mortgage. Section 3780 of Remington's Compiled Statutes of Washington makes void a mortgage of personal property as against creditors and subsequent lienholders and purchasers, unless it is filed for record within 10 days "from the time of the execution thereof." The appellant contends that the date of the execution of the mortgage was December 4, 1918, and that therefore the instrument was filed for record within the time limited by the statute. The court below found that the instrument was accepted by the appellant on or about November 27, 1918, and not later than November 29, 1918, and that not later than the latter date it was executed by all parties thereto, and that the mortgage of the personal property was void as to the receiver and the creditors of the copper company.

[1, 2] The appellant cites authorities to the proposition that a mortgage is not executed until it is accepted by the mortgagee. It relies upon the deposition of its secretary, who deposed that it was the practice of the appellant not to accept any trust or to execute any legal document until it had been examined and approved by its counsel, and that the instrument in question was submitted to the appellant's counsel and by him approved on December 4, 1918, and that thereupon it was sent from Boston to Spokane, Wash., to be recorded. It is shown that the instrument was not mailed for recordation by the appellant until December 4, 1918, but there was no evidence, other than the deposition referred to, to indicate that that was the date of the delivery of the instrument to the trustee, or the date of the latter's acceptance of the trust. The trial court found against that contention, and the recitals in the instrument tend to sustain the finding. It is therein recited that, "although this indenture is dated for convenience and for the purpose of reference as of November 15, 1918, the actual date of the execution thereof is November 27, 1918," and it is recited further that the appellant, "in token of its acceptance of the trusts, has also executed these presents." Then follow the signatures of the officers of the copper company and the trust company, and the recital that the instrument was executed in duplicate. The acknowledgment of the officers of the copper company was taken on November 27, 1918, and two days later was taken the acknowledgment of the officers of the trust company, who on their oath stated "that they were authorized to execute and attest said instrument." It is fairly inferable that on November 29th the instrument was delivered, each party receiving a copy thereof. There is nothing to show an intention that after that date there was to be a formal acceptance on the part of the trust company or that the copper company was to be notified of such acceptance. There is no evidence that such notice was given. The record shows only that on December 4th the appellant sent the instrument to Spokane to be filed for record. Whether delivery of an instrument has been made is a question of fact, and it may be inferred from circumstances. 19 R. C. L. 280; Bradtfelt v. Cooke, 27 Or. 194, 40 P. 1, 50 Am. St. Rep. 701. "Acceptance by a trustee under a deed of trust is presumed from delivery to him." 19 R. C. L. 280, Bowden v. Parrish, 86 Va. 67, 9 S. E. 616, 19 Am. St. Rep. 873.

The decree is affirmed.