# Richmond

THE BANK OF CHRISTIANSBURG, RECEIVER FOR BANK OF RINER V. ARTHUR P. EVANS, ET ALS.

January 17, 1935.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Chinn, JJ.

The opinion states the case.

*W. S. Roop* and *William H. Colhoun,* for the appellant.

*V. M. Sowder* and *Ellett & Phlegar,* for the appellees.

CHINN, J., delivered the opinion of the court.

Arthur P. Evans, W. P. Flannagan and U. G. Flannagan, partners trading as Christiansburg Supply Company, suing for themselves and other creditors of Annie S. Jewel, filed their bill in the Circuit Court of Montgomery county, asserting that they are judgment creditors of said Annie S.

Jewel; that the said Annie S. Jewel is owner of a tract of land situated in the said county of Montgomery, on which their judgment is a lien, and praying that an account of the liens be taken, and that the land be sold for the payment of the liens binding thereon. An order of reference was entered in the cause, and the master commissioner reported that the first lien in order of priority against this land is a certain "deed of trust," executed by Annie S. Jewel and C. H. Jewel, recorded in the clerk's office of said county. Omitting the description of the land conveyed, the deed referred to reads as follows:

"This indenture, made this the 1st day of March, 1922, between Annie S. Jewel and C. H. Jewel, her husband, parties of the first part, and Bank of Riner, Incorporated, I. J. Greear, cashier, and W. H. Altizer, president, or their successors in office or their assigns, all of the county of Montgomery, State of Virginia, parties of the second part, Witnesseth: That for and in consideration of the sum of one thousand one hundred and twenty dollars does grant, bargain, and sell and convey unto the said parties of the second part and to its officers and assigns all that certain tract or parcels of land * * *.

"This conveyance is intended as a deed of trust to secure the payment of a certain note dated with even date of this deed of trust payable four months after date for the exact amount stated above in this conveyance as the consideration of the conveyance, or any renewal of the said note, and these presents shall be void if such payment be made.

"But in case default shall be made in the payment of the principal or interest as above provided, then the parties of the second part, its executors, administrators, or assigns are hereby empowered to sell the premises above described, * * * in the manner prescribed by law, and out of the money arising from such sale, to retain the principal and interest, together with the cost and charges of making such sale, and the surplus, if any there be, shall be paid by the party making such sale to the parties of the first part, their heirs or assigns.

"In witness whereof said parties of the first part hereunto set their hands and seals this the 1st day of March, 1922.

"ANNIE S. JEWEL (Seal)
"C. H. JEWEL (Seal)

"Virginia.
"Montgomery county, to-wit:
"I, I. J. Greear, a notary public in and for the county and State aforesaid, do certify that Annie S. Jewel and C. H. Jewel, her husband, whose names are signed to the foregoing deed of trust, bearing date of the 1st day of March, 1922, have acknowledged the same before me in my county and State aforesaid.

"Given unto my hand this the —— day of March, 1922.
"My commission expires the 22nd day of April, 1923.

"I. J. GREEAR,
"Notary Public."

The certificate of the clerk attached to the above deed shows that the same was admitted to record in the clerk's office of Montgomery county, March 10, 1922.

It was held by the learned chancellor of the court below that the acknowledgment of the above deed was invalid, and hence its recordation without effect, for the reason that I. J. Greear, the notary who took the acknowledgment, was the same I. J. Greear who is described as "cashier" in the deed. From this decree the Bank of Christiansburg, receiver for the Bank of Riner, has taken this appeal.

■ It is true, as contended by the appellees, that it is the settled law of this State that the grantee in a deed, or a beneficiary under it is not authorized as an officer to take an acknowledgment of the deed with the view to its registration, and that the certificate of such acknowledgment furnishes no authority for admitting the deed to record, and hence the recordation based upon it is without effect as notice by construction under the registry laws. *Building Association* v. *Groves*, 96 Va. 139, 31 S. E. 23; *Nicholson* v. *Gloucester Charity School*, 93 Va. 101, 24 S.

E. 899; *Bowden* v. *Parrish,* 86 Va. 67, 9 S. E. 616, 19 Am. St. Rep. 873; *Davis* v. *Beazley,* 75 Va. 491. This rule is based upon the principle that the act of an officer in taking an acknowledgment of a deed is judicial in its character and cannot, therefore, be performed by one who is interested in it, since no man can be a judge in his own cause. *Davis* v. *Beazley, supra.*

The question to be determined, therefore, is whether upon a fair construction of the deed in question, I. J. Greear can be considered as either the grantee in the deed, or as having such an interest therein as renders the certificate of acknowledgment taken by him in the capacity of notary public invalid, under the rule above cited. It is conceded that the purpose of the deed was to secure a debt owing by the grantors, Annie S. Jewel and C. H. Jewel, her husband, to the Bank of Riner, Incorporated. This purpose is plain from the language of the deed itself, which declares it to be intended "as a deed of trust to secure the payment of a certain note," etc. The deed, however, does not attempt to name a trustee, who is supposed to be an impartial and disinterested person, to execute the trust, which is essential to the nature and form of a deed of trust. At most, therefore, it could be only considered as a deed of trust with the name of the trustee left blank, and it is well settled that a deed of trust on real estate to secure creditors, in which the name of the trustee is left blank, is an equitable mortgage, and may be enforced as such upon the principle that equity will treat that as done which, by agreement, is to be done. *Dulaney* v. *Willis,* 95 Va. 608, 29 S. E. 324, 64 Am. St. Rep. 815.

It is insisted, however, that if I. J. Greear cannot be held to be trustee under the deed, then the deed must be construed as a mortgage, with I. J. Greear as one of the grantees, and that his certificate of acknowledgment is invalid for that reason. As already stated, whether the deed be construed as a deed of trust with the name of the trustee left blank, or as a direct conveyance in the form of an equitable mortgage, the sole purpose of the deed was to

secure a debt due the Bank of Riner, Incorporated, and no one else. It is obvious that neither I. J. Greear or W. H. Altizer, named in the deed as cashier and president of the bank, respectively, had any personal interest in the debt secured by the deed, except such as they might possibly have had as stockholders, which is not shown. The Bank of Riner being the only real beneficiary under the deed, it seems manifest that coupling the expression, "I. J. Greear, cashier, and W. H. Altizer, president, or their successors in office or their assigns" with the name of the real beneficiary, Bank of Riner, Incorporated, was intended by the scrivener to be only descriptive, and cannot amount to anything, so far as the purpose of the deed is concerned, but must be treated as mere surplusage. The idea evidently in the mind of the draftsman was that in order to properly describe the bank as the beneficiary and safeguard its interests, it was necessary also to make its cashier and president, and "their successors in office" parties to the instrument. But however that may be, it is plain that a single beneficiary or grantee—The Bank of Riner—was intended. This purpose on the part of the draftsman is further evidenced by the use of the words in the granting clause, "unto the said parties of the second part and to *its* officers and assigns"; and in the defaulting clause by the use of the words, "then the parties of the second part, *its* executors, administrators, or assigns, are hereby empowered to sell the premises, * * * and out of the money derived from such sale to *retain* the principal and interest," etc. It does not seem to us, therefore, that I. J. Greear can be considered as grantee in the deed either in the capacity of trustee or mortgagee, or as otherwise personally interested in the conveyance or the debt secured thereby; and such being the case, the deed in the instant case does not come within the influence of the decisions relied on by the appellees.

It may be observed that under the provisions of section 5209 of the Code, as it stood at the time the deed in question was executed, even though Greear may have been a stockholder in the bank, he would not have been disqualified to

take the acknowledgment, provided he was not such an officer of the bank that he would have to unite in executing the deed, or was not otherwise interested in the property conveyed by the deed. It does not appear whether or not he was a stockholder, but it does appear from a fair construction of the deed itself that he did not come within the other inhibitions of the statute.

For these reasons we are of the opinion that the recordation of the deed in question was valid, and the same constitutes the first lien on the land involved according to the report of the master commissioner, and that the decree of the court below must, therefore, be reversed and the cause remanded, to be further proceeded with in accordance with the views herein expressed.

*Reversed and remanded.*